**STATE of Iowa, Appellee,**

v.

**Douglas Dale SCHMIDT, Appellant.**

**No. 91–221.**

Supreme Court of Iowa.

Feb. 19, 1992.

Robert W. Thompson, Reinbeck, for appellant.

Bonnie J. Campbell, Atty. Gen., and Robert P. Ewald, Asst. Atty. Gen., for appellee.

Considered by LARSON, P.J., and CARTER, SCHULTZ, NEUMAN, and SNELL, JJ.

SNELL, Justice.

Appellant, Douglas Dale Schmidt, challenges his conviction for driving while his license was revoked, in violation of Iowa Code section 321J.21 (1991). Schmidt contends that he was improperly charged with driving with a revoked license since he had been issued a temporary restricted license pursuant to Iowa Code section 321J.20. We disagree with Schmidt's contention and, therefore, affirm the judgment entered by the district court.

The material facts have been stipulated to by the parties. On October 13, 1989, Schmidt's driver's license was revoked for 180 days for operating his vehicle while intoxicated, pursuant to Iowa Code section

321J.12. As allowed by Iowa Code section 321J.20, Schmidt then applied for and received a temporary restricted driver's license, which allowed him to drive to and from his residence and place of employment. The temporary restricted license limited Schmidt's driving privileges to the hours between 11:30 a.m. and 10:00 p.m., Monday through Friday.

On April 7, 1990, at 1:43 a.m., Schmidt was detained for failing to stop at a stop sign. The attending officer cited Schmidt for driving with a revoked license, in violation of Iowa Code section 321J.21. Schmidt was not driving to or from work, or for any work-related purpose.

Schmidt argues that he was not driving while his license was revoked, in violation of section 321J.21, because he had received a valid temporary restricted license. Schmidt suggests that a charge grounded in Iowa Code section 321.193, which provides for restricted licenses and their revocation, may have been appropriate. Our review of this matter is for correction of errors at law. Iowa R.App.P. 4.

Iowa Code chapter 321J, which addresses the consequences of operating a motor vehicle while intoxicated, provides in section 321J.21 as follows:

A person whose motor vehicle license or nonresident operating privilege has been denied or revoked as provided in this chapter and who drives a motor vehicle upon the highways of this state while the license or privilege is denied or revoked commits a serious misdemeanor.

Chapter 321J also provides for those who have had their licenses revoked for drinking-related offenses to obtain limited driving privileges in the form of a *temporary restricted license*. Iowa Code section 321J.20 provides as follows:

The department may, on application, issue a temporary restricted license to a person whose motor vehicle license is revoked under this chapter allowing the person to drive to and from the person's home and specified places at specified times which can be verified by the department and which are required by the person's full-time or part-time employment. . . .

Chapter 321, which contains general rules relating to motor vehicles and laws of the road, provides for the issuance of *restricted licenses* as follows:

As provided by rule, the department may impose restrictions suitable to the motor vehicle licensee's driving ability with respect to the type of motor vehicle or special mechanical control devices required on a motor vehicle which the licensee may operate or other restrictions applicable to the licensee as the department may determine to be appropriate.

The department may set forth restrictions upon the motor vehicle license.

The department may suspend or revoke the motor vehicle license upon receiving satisfactory evidence of any violation of the license's restrictions.

Iowa Code § 321.193 (1991).

We conclude that an individual violates section 321J.21 whenever a motor vehicle is operated outside the scope of a temporary restricted license issued pursuant to section 321J.20. One's status as a "revokee" under chapter 321J is not altered by virtue of the fact that a temporary restricted license has been issued under this same chapter. We also reject Schmidt's contention that any charge arising out of his actions must be grounded in Iowa Code section 321.193. The restrictions to which section 321.193 advert are designed to govern the driving privileges of those individuals whom the department determines may drive subject to specified restrictions, which have no relationship to an alcohol or drug related offense under chapter 321J. This is to be contrasted with the temporal and geographic restrictions that are associated with a temporary restricted license under section 321J.20. The nature of the restrictions associated with a *temporary restricted license* as well as the reasons therefor are thus wholly different from the restrictions associated with a *restricted license* under section 321.193.

Schmidt also contends that, without the aid of a judicial interpretation, Iowa Code section 321J.21 is unconstitutionally

vague when applied to the instant factual situation. However, because this argument was not properly raised before the trial court, we refuse to now consider it on the merits. *See Donovan v. State*, 445 N.W.2d 763 (Iowa 1989); *Kartridg Pak Co. v. Department of Revenue*, 362 N.W.2d 557 (Iowa 1985).

Schmidt's actions are appropriately characterized as driving while his license was revoked and, therefore, the judgment of the district court is affirmed.

AFFIRMED.