**STATE of Iowa, Appellee,**

v.

**Terry Joe BURNS, Appellant.**

**No. 95–63.**

Supreme Court of Iowa.

Dec. 20, 1995.

Linda Del Gallo, State Appellate Defender, and Annette L. Hitchcock, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Steve Johnson, County Attorney, and John Heinicke, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Defendant, Terry Joe Burns, appeals from his conviction of operating a motor vehicle during the period of time he was prohibited from doing so as a result of being convicted as an habitual offender. He argues that, because his operation occurred on private property where he was carrying on a farming operation, the statute does not apply. After reviewing the statutes in question and considering the arguments of the parties, we disagree with defendant's contention and affirm the judgment of the district court.

A deputy sheriff observed the defendant driving his Chevrolet Blazer automobile with a trailer attached in the barnyard of a farm operated by him. At the time, Burns was in a period of prohibited operation that resulted from his conviction as an habitual offender. Iowa Code section 321.561 (1993) makes such operation an aggravated misdemeanor. He moved to dismiss the resulting charge against him, contending that the statute did not apply to persons operating a motor vehicle on their own property. The district court rejected that challenge.

Defendant's argument to this court is twofold: (1) that the basic punishment provision found in section 321.561 does not apply to situations involving operation of a motor vehicle on one's own property; and (2) if the statute does apply to operation on one's own property, he is nevertheless exempted from the statute by Iowa Code section 321.176.

■ In deciding defendant's primary argument, we recognize the proposition that no license is required to operate a motor vehicle on one's own property. This is because Iowa Code section 321.174 only requires motor vehicle operators' licenses for operation "upon a highway in this state." The issue thus becomes whether the penalty provided in section 321.561 is tied to unlicensed operation. We conclude that it is not. When a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its express terms. *State v. Rich,* 305 N.W.2d 739, 745 (Iowa 1981); *State v. Hocker,* 201 N.W.2d 74, 75 (Iowa 1972). Although conviction as an habitual offender will result in an unlicensed status, that is not the factual predicate for the statutory penalty. The statute provides:

It shall be unlawful for any person convicted as an habitual offender to operate any motor vehicle in this state during the period of time specified in section 321.560. This conviction shall constitute an aggravated misdemeanor.

Iowa Code § 321.561. Nowhere does the statutory language distinguish between operation on a public highway and operation at some other location. Because defendant had been convicted as an habitual offender, any operation of a motor vehicle during the prohibited period was proscribed by this statute.

■ We also reject defendant's contention that he enjoys an exemption from the statu-

tory bar by reason of section 321.176. We reach this conclusion for two reasons. First, the exemption found in the latter statute is only from the motor vehicle licensing requirements. As we have previously observed, the section 321.561 penalty is predicated on driving following conviction as an habitual offender rather than driving in violation of statutory licensing provisions. Second, and of equal importance, defendant does not qualify for an exemption under section 321.176.

Although subsection 2 of that statute indicates that the operation of an implement of husbandry to or from home farm buildings or any adjacent farm for the exclusive purpose of conducting farm operations is exempt from the licensing requirements, the vehicle that defendant was operating does not qualify as an implement of husbandry under the statutory definition of that term. In order for a vehicle to meet the statutory definition of an instrument of husbandry, it must be (a) designed for agricultural purposes and exclusively so used, or (b) primarily designed for agricultural purposes and moved less than 100 miles between farm sites during daylight hours. Iowa Code § 321.1(16). The Chevrolet Blazer automobile operated by defendant was not shown to have been designed for agricultural purposes or to have met the requirements for its actual use that are set forth in section 321.1(16).

We have considered all arguments presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**