STATE of Iowa, Appellee,

v.

Thomas Alan SNYDER, Appellant.

No. 00–1339.

Supreme Court of Iowa.

Oct. 10, 2001.

Tricia Johnston, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, for appellee.

LAVORATO, Chief Justice.

In *State v. Peters,* 525 N.W.2d 854 (Iowa 1994), we held that "motor vehicle" in Iowa Code section 321J.2—the OWI statute—included a snowmobile. The decisive issue here is whether "motor vehicle" in Iowa Code section 321.561—the driving while barred statute—includes a snowmobile. The district court concluded that it did, and convicted the defendant, Thomas Snyder, of driving while barred. Snyder appeals, challenging his conviction. We affirm.

**I. Background Facts and Proceedings.**

On December 27, 1999, an Iowa Department of Natural Resources officer saw Snyder and another man driving snowmobiles on the road right-of-way of Wheelerwood Drive in Cerro Gordo County, Iowa. The snowmobile Snyder was driving was missing a bright orange flag required by Iowa Code section 321G.13(9) (1999). The officer stopped both vehicles and asked to see Snyder's driver's license. Snyder told the officer that his license was suspended for non-payment of fines. The officer advised Snyder that the county attorney would charge him with driving while barred. The officer then issued Snyder a citation for operating a snowmobile on a public roadway without a bright orange flag.

Snyder's driving record shows the following relevant violations:

10–27–98: Non-payment of fines, indefinite suspension.

04–07–99: Non-payment of fines, indefinite suspension.

11–29–99: Habitual violator, remains under suspension until 02–27–00 and until financial responsibility is met ($200 civil penalty not paid).

12–03–99: Habitual offender, barred for two years, remains barred until 12–03–01.

On January 27, 2000, the State charged Snyder with driving while barred. *See* Iowa Code § 321.561. Later, Snyder moved to dismiss. He contended that operation of a snowmobile on the public roadway while one's license is revoked under the habitual offender provision of Iowa Code chapter 321 is not a violation of section 321.561. The district court denied the motion.

Following Snyder's waiver of a jury trial, the parties tried the case to the district court based on minutes of testimony. The court found Snyder guilty.

**II. Issues.**

On appeal, Snyder contends the district court erred in finding sufficient evidence to support his conviction. In support of this contention, Snyder again argues the operation of a snowmobile on the public roadway, while one's license is revoked under the habitual offender provision of Iowa Code chapter 321, is not a violation of section 321.561.

**III. Scope of Review.**

Our review of Snyder's sufficiency-of-the-evidence challenge is for correction of errors of law. *State v. Hopkins,* 576 N.W.2d 374, 377 (Iowa 1998). We uphold a verdict provided substantial evidence supports the charge. *State v. Mitchell,* 568 N.W.2d 493, 502 (Iowa 1997). We view the evidence in the light most favorable to the State. *Id.* Substantial evidence is such evidence as could convince a rational fact finder that the defendant is

guilty beyond a reasonable doubt. *Hopkins*, 576 N.W.2d at 377.

Although Snyder's contention is the alleged insufficiency of the evidence to support his conviction, the decisive issue is whether section 321.561 applies to Snyder's conduct. *See State v. Casey's Gen. Stores, Inc.*, 587 N.W.2d 599, 600–01 (Iowa 1998). Our analysis must therefore begin with our interpretation of section 321.561 and end with our determination of whether the evidence was sufficient to sustain the conviction based on that interpretation. *See State v. Slayton*, 417 N.W.2d 432, 434–35 (Iowa 1987) (court interpreted "intent to use" under going armed with intent statute, then determined whether sufficient evidence sustained defendant's conviction under its interpretation of the statute).

▮ To the extent Snyder's challenge turns on the interpretation of section 321.561, our review is for correction of errors at law. *State v. Ceron*, 573 N.W.2d 587, 589 (Iowa 1997). In interpreting statutes, our goal is to ascertain and give effect to legislative intent. *Id.* at 590. When more than one statute is relevant, we consider the statutes together and try to harmonize them. *Id.* We may not search for meaning beyond the express terms of a statute when the statute is plain and its meaning clear. *State v. Chang*, 587 N.W.2d 459, 461 (Iowa 1998).

## IV. Whether Iowa Code Section 321.561 Covers the Conduct of a Habitual Offender Who Operates a Snowmobile.

### A. Applicable law.

Iowa Code section 321.561 provides in relevant part:

> It shall be unlawful for any person found to be a habitual offender to operate any motor vehicle in this state during the period of time specified in section 321.560 . . .

### B. Analysis.

Iowa Code section 321.1(42)(a) defines a motor vehicle as a

> vehicle which is self-propelled, but not including vehicles known as trackless trolleys which are propelled by electric power obtained from overhead trolley wires and are not operated upon rails.

A "vehicle," with certain exceptions not applicable here, is "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway." Iowa Code § 321.1(90).

Before 1989, the legislature defined a snowmobile as

> any self-propelled vehicle weighing less than one thousand pounds which utilizes wheels with low pressure tires and is designed to operate on land or ice or is equipped with sled-type runners or skis, endless belt-type tread, or any combination thereof, and is designed for travel upon snow, land or ice, *except any vehicle registered as a motor vehicle under chapter 321.*

Iowa Code § 321G.1(2) (1981) (emphasis added).

In 1989, the legislature eliminated the italicized language, thus defining a "snowmobile" as a

> motorized vehicle weighing less than one thousand pounds which uses sled-type runners or skis, endless belt-type tread, or any combination of runners, skis, or tread, and is designed to travel on snow or ice.

1989 Iowa Acts ch. 244, § 1 (codified at Iowa Code § 321G.1(18) (1999)).

▮ When the legislature amends a statute, a presumption arises that it intended to change it. *State v. Dean*, 357 N.W.2d 307, 309 (Iowa 1984). The legisla-

ture's 1989 change to the definition of "snowmobile" removed the exception that excluded "snowmobile" from the definition of "motor vehicle" in Iowa Code chapter 321. In addition, the legislature changed the definition of "snowmobile" from a "self-propelled vehicle" to a "motorized vehicle." With these changes, we think the legislature intended to bring the definition of "snowmobile" within the broad definition of "motor vehicle" in section 321.1(42)(a). We therefore conclude that "motor vehicle" in section 321.561 includes a snowmobile. *See* Iowa Code § 321.1 (providing that definitions in section 321.1 apply to all provisions of chapter 321).

Nevertheless, Snyder insists that an Iowa Court of Appeals decision—*State v. Gobeli,* 342 N.W.2d 898 (Iowa Ct.App. 1983)—controls and dictates a reversal of his conviction. For reasons that follow, we disagree.

In *Gobeli,* the court of appeals reversed a defendant's conviction under Iowa Code section 321.561. The facts in *Gobeli* are similar to the facts here. The defendant operated a snowmobile on the shoulder of a city street and crossed a highway "while his license was suspended as a habitual violator." *Id.* at 899. The issue was "whether a snowmobile is a motor vehicle under section 321.561." *Id.*

The court in *Gobeli* agreed with the State that the definition of "motor vehicle" in chapter 321 was broad enough to include snowmobiles. *Id.* Nevertheless, the court concluded that chapter 321 did not cover snowmobiles. The court based its conclusion on the following: (1) chapter 321G is a special statute enacted to exclusively regulate snowmobiles, thereby removing them from chapter 321, a general statute regulating all motor vehicles; (2) registration and licensing requirements for snowmobiles found in chapter 321G differ from those for motor vehicles in chapter

321; (3) the definition of "snowmobile" in section 321G.1(2) (1981) includes "any self-propelled vehicle ... except any vehicle registered as a motor vehicle under chapter 321"; and (4) a person cannot be convicted of driving a snowmobile without a license when chapter 321G does not require a license for operation of a snowmobile. *See id.* at 899–900.

Snyder insists that *Gobeli* is still good law and applies in this case. He relies on the reasoning in *Gobeli* that related statutes must be read in pari materia and the provisions of the specific statute regulating snowmobiles, chapter 321G, should control over the general statute, chapter 321. *See id.* at 899. He argues that the only part of the *Gobeli* reasoning that no longer applies is the changed definition of "snowmobile."

As mentioned, the legislature eliminated the exception that excluded snowmobiles from the definition of motor vehicle in chapter 321. It did so following the *Gobeli* decision. By the change, we think the legislature signaled its intention to subject the operators of snowmobiles to the provisions of chapter 321 where those provisions are applicable and not in conflict with the provisions of chapter 321G.

Chapter 321G contains no prohibition against driving while barred. There is, therefore, no conflict between section 321.561 and any of the provisions of chapter 321G. If the goal of the legislature, as the States argues, is to preclude a person from operating *any* motor vehicle during a period when that person has proven too irresponsible to have driving privileges, operation of a snowmobile—a "motor vehicle" by definition—should fall under section 321.561.

In *Peters,* we questioned the viability of *Gobeli.* 525 N.W.2d at 859. In *Peters,* an officer had seen the defendant operating a snowmobile on a downtown sidewalk and

on the street in a careless and reckless manner. *Id.* at 855. The defendant was charged with, and convicted of, OWI, second offense, in violation of Iowa Code section 321J.2 (1991) (prohibiting operation of a motor vehicle while intoxicated). The defendant contended that the State could charge him only under Iowa Code section 321G.13(3) (prohibiting operation of snowmobile while intoxicated). *Id.* at 856–57. A conviction under section 321G.13(3) carried a much lesser penalty than a conviction under section 321J.2. *Cf.* Iowa Code § 321G.14 (1991) (simple misdemeanor), *with* § 321J.2(2)(b) (aggravated misdemeanor).

The defendant in *Peters* argued that *Gobeli* was dispositive of what he considered to be a conflict between sections 321J.2 and 321G.13(3). We disagreed and distinguished *Gobeli:*

> None of these facts [present in *Gobeli*] are present here. So, while an argument could be made that the registration and licensing provisions of chapter 321 and 321G could not be read in pari materia, no comparable argument could be made about section 321J.2 and section 321G.13(3). Moreover, the deletion of the language "except any vehicle registered as a motor vehicle under chapter 321" from the definition of snowmobile in section 321G.1(2) leaves the viability of *Gobeli* in doubt.

*Peters*, 525 N.W.2d at 859 (citations omitted).

Contrary to the defendant's contention, we concluded in *Peters* that sections 321J.2 and 321G.13(3) could be read in pari materia and were not conflicting. *Id.* at 858. We held that a snowmobile is a motor vehicle as defined in Iowa Code section 321.1(2)(a) (1991) (renumbered as section 321.1(42)(a) in the 1993 code) and applied in Iowa Code section 321J.2. *Id.* at 860. Because there was no conflict between sec-

tions 321J.2 and 321G.13(3), the State had the discretion to charge the defendant under either section. Accordingly, we upheld the defendant's conviction under section 321J.2. *Id.*

Snyder argues *Peters* does not apply to his case because *Peters* is not a "licensing case." To support his argument, Snyder points to our recognition in *Peters* that if the registration and licensing provisions were at issue, rather than the operating while intoxicated provisions of chapters 321 and 321G, a different result might be possible. *See Peters*, 525 N.W.2d at 859 ("So, while an argument could be made that the registration and licensing provisions of chapter 321 and 321G could not be read in pari materia, no comparable argument could be made about section 321J.2 and section 321G.13(3).").

While acknowledging "an argument could be made that the registration and licensing provisions of chapter 321 and 321G could not be read in pari materia," we nevertheless called into doubt the viability of *Gobeli* because of the legislature's amendment to the definition of "snowmobile." *Id.* In addition, we later made clear in *State v. Burns* that a case such as we have here is not a "licensure case" and has nothing to do with licensing or registration provisions of chapter 321 and 321G. 541 N.W.2d 875, 876 (Iowa 1995).

In *Burns*, the State charged the defendant with a violation of section 321.561 for driving his Chevrolet Blazer, with a trailer attached, on his farm during a period of prohibited operation resulting from his conviction as a habitual offender. *Id.* The defendant argued that section 321.561 did not apply to him because he was driving on his own property and Iowa Code section 321.174(1) requires a driver's license only when a person is driving "upon a highway in this State." *Id.*

We acknowledged that section 321.174(1) does not require a driver's license to operate a motor vehicle on one's own property. *Id.* However, we concluded the penalty provided in section 321.561 is not tied to unlicensed operation. *Id.* In reaching this conclusion, we reasoned that unlicensed status is not the factual predicate for the statutory penalty of section 321.561:

> Nowhere does the statutory language [of section 321.561] distinguish between operation on a public highway and operation at some other location. Because defendant had been convicted as an habitual offender, *any* operation of a motor vehicle during the prohibited period was proscribed by this statute.

*Id.* (emphasis added.)

We further concluded in *Burns* that even if the defendant had been driving a farm vehicle qualified for a licensing exemption under Iowa Code section 321.176(2), he could still be convicted of driving while barred under section 321.561. *Id.* at 877. This was so, we reasoned, because "the section 321.561 penalty is predicated on driving following conviction as an habitual offender rather than driving in violation of statutory licensing provisions." *Id.*

Snyder tries to distinguish *Burns* from his case. He argues that the defendant in *Burns* was operating a vehicle regulated under chapter 321, whereas he, Snyder, was operating a snowmobile regulated through a separate statute, chapter 321G. Snyder further argues that snowmobiles are regulated through the provisions of chapter 321G where they are in conflict with chapter 321. He points out that a comparison of the two chapters shows differences in licensing requirements and provisions for prohibited conduct, and that chapter 321 prohibits driving while barred while chapter 321G does not. These differences, Snyder contends, result in a conflict between chapters 321 and 321G. For this reason chapter 321G, which does not prohibit driving while barred, should control.

As mentioned, the differences between chapters 321 and 321G concerning driving while barred do not amount to a conflict. Section 321.561 cannot conflict with a provision of chapter 321G because no comparable provisions exist in chapter 321G. *Cf. Peters*, 525 N.W.2d at 858 (holding that Iowa Code chapter 321J provisions punishing repeat offenders of OWI statute supplemented section 321G.13(3) because there are no provisions in chapter 321G to punish repeat offenders of section 321G.13(3)).

As our analysis shows, "motor vehicle" in section 321.561 includes a snowmobile, thereby satisfying the statutory language of section 321.561 ("It shall be unlawful for any person found to be a habitual offender to operate *any motor vehicle* in this state during the period of time specified in section 321.560. . . ." (Emphasis added.)). There was substantial evidence that Snyder was operating a snowmobile—a motor vehicle for purposes of section 321.561—during a period of time he was prohibited from doing so as a result of being convicted as a habitual offender.

### V. Disposition.

Because there was substantial evidence that Snyder violated Iowa Code section 321.561, the district court did not err in finding him guilty of violating that provision. Finding no error, we affirm.

**AFFIRMED.**