# IN THE SUPREME COURT OF IOWA

No. 07–1237

Filed April 17, 2009

**STATE OF IOWA,**

   Appellee,

vs.

**KYLE LYNN STONE,**

   Appellant.

Appeal from the Iowa District Court for Black Hawk County, Joseph Moothart, District Associate Judge.

A defendant appeals his conviction for driving while his license was denied or revoked for an OWI test refusal. **AFFIRMED.**

Jerald W. Kinnamon and J. Dean Keegan, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brian J. Williams, Assistant County Attorney, for appellee.

**WIGGINS, Justice.**

We must decide whether the State can prosecute a driver for driving while his license was denied or revoked if the Iowa Department of Transportation (DOT) subsequently rescinds the revocation. Because the rescission of the revocation does not change the fact the driver's license was revoked at the time of the police stop, the State can proceed with the prosecution. We also hold, under these circumstances, the introduction of a certified driving record that displayed the subsequent rescission of the revocation is not relevant to the prosecution and the district court was correct in ruling the record inadmissible.

## I. Background Facts and Proceedings.

A police officer stopped Kyle Lynn Stone on September 14, 2006, in Waterloo. Officer Newell pulled Stone over for an expired registration tag on his truck's license plate. The officer noted the truck was wet on a night without precipitation and there was a McDonald's bag with warm food in the truck. The officer asked Stone for identification and then checked the status of his driver's license. That check showed the DOT had revoked Stone's license from March 2006 until March 2007 for an operating-while-intoxicated (OWI) test refusal. The check also revealed Stone had a temporary work permit. The officer asked for the work permit, but Stone did not produce the permit or any other documentation. Stone told the officer that he worked for A-Line Metals and was on his way home. The stop took place around 7:00 p.m. The officer placed Stone under arrest explaining that a work permit does not authorize someone to wash a vehicle or go to McDonald's.

At the time of the stop in question, Stone had insurance, had an ignition interlock system in his truck, and had a restricted temporary work permit. On September 26, the county attorney filed a trial

information charging Stone with driving while his license was denied or revoked for an OWI test refusal in violation of Iowa Code section 321J.21. On October 6, Stone filed a written arraignment and a plea of not guilty to the charge.

After the written arraignment, on December 8, the DOT sent Stone notice that it had rescinded his March 2006 revocation. This notice stated, "The withdrawal of your Iowa motor vehicle privileges due to OWI test refusal has been rescinded and removed from your record. You are eligible to operate motor vehicles in Iowa."

Stone filed a motion in limine asking for the exclusion of any reference to the driver's license information that was not contained in the current certified driving record, claiming that noncurrent information would not be relevant. Stone also wanted to eliminate any reference to suspensions or revocations that the DOT had rescinded and removed from his driving record. In addition, Stone asked to redact or remove from his certified driving record any reference to revocations that were rescinded or to his disqualification for a license based on an OWI test refusal. Finally, Stone requested a jury instruction stating the State had to prove all elements including this statement: "The revocation of Kyle Stone's driver's license was not subsequently rescinded."

The State filed its own motion in limine asking the court to prohibit Stone from referencing the rescission of the revocation of his license that occurred after September 15, 2006. The State claimed any reference to the rescission would be irrelevant and confusing to the jury.

The district court ruled Stone was precluded from presenting evidence of the rescission of the revocation because it was not relevant and would be confusing. In so doing, the court acknowledged it was

overruling the defendant's motion in limine and granting the State's motion in limine.

At trial, a driver's license supervisor from the DOT made an offer of proof. In the offer of proof, the supervisor testified that a certified driving record is the official record, and contains personal information, convictions, arrest dates, revocations, disqualifications, cancellations, and suspensions. She stated that she believed rescind meant "it's like it never happened on the driving record so it's no longer there." She testified the certified driving record the defense provided displayed all suspensions and revocations for Kyle Stone, but this record did not include the March 2006 through March 2007 revocation. She testified that logistically, the rescinded revocation stays in the applicant's folder, but it does not "count for . . . a second or subsequent" offense. She also stated that a certified driving record would be "the most current" and the most accurate portrayal of Stone's driving record "[a]t this time." After hearing the offer of proof, the court refused to change its prior ruling on the motions in limine.

At trial, the State presented evidence of Stone's driving record that displayed the revocation for an OWI test refusal, but did not display the later rescission of the revocation. A jury found Stone guilty of driving while his license was denied or revoked in violation of Iowa Code section 321J.21. Stone appeals the conviction.

**II. Issues.**

Stone raises two issues on appeal: first, whether the rescission of his revocation precludes the State from prosecuting him for driving while his license was denied or revoked for an OWI test refusal in violation of Iowa Code section 321J.21; and second, whether the court erred in not

admitting Stone's driving record that showed his license was not revoked on September 14, 2006.

### III. Scope of Review.

This court reviews standard claims of error in admission of evidence for an abuse of discretion. *State v. Boggs*, 741 N.W.2d 492, 499 (Iowa 2007). However, when the admission turns on the interpretation of a statute, this court reviews the district court decision for errors at law. *Id.*

### IV. Analysis.

The State charged Stone with violating section 321J.21 of the Code. It provides in relevant part that

> [a] person whose driver's license or nonresident operating privilege has been suspended, denied, revoked, or barred due to a violation of this chapter and who drives a motor vehicle while the license or privilege is suspended, denied, revoked, or barred commits a serious misdemeanor.

Iowa Code § 321J.21(1) (2005). To prove Stone's guilt, the State must prove beyond a reasonable doubt that the defendant's license had been revoked, and the defendant operated a motor vehicle while his license was revoked. *State v. Thompson*, 357 N.W.2d 591, 594 (Iowa 1984).[1] Both parties acknowledge that a violation of section 321J.21 is a status offense.

Stone claims the State could not charge him under section 321J.21 because the DOT rescinded his license revocation. He argues that when the DOT rescinds a revocation, the rescission applies

---

[1]This court has already acknowledged, "an individual violates section 321J.21 whenever a motor vehicle is operated outside the scope of a temporary restricted license." *State v. Schmidt*, 480 N.W.2d 886, 887 (Iowa 1992). Thus, Stone's temporary work permit does not alter his status as a "revokee" since he was driving outside the scope of that permit, a finding he does not dispute on appeal.

retroactively. In other words, a rescission of a revocation means the revocation never existed.

The DOT rescinded Stone's revocation pursuant to section 321J.13(6). It provides:

> *a.* The department shall grant a request for a hearing to rescind the revocation if the person whose motor vehicle license or operating privilege has been or is being revoked under section 321J.9 or 321J.12 submits a petition containing information relating to the discovery of new evidence that provides grounds for rescission of the revocation.
>
> *b.* The person shall prevail at the hearing if, in the criminal action on the charge of violation of section 321J.2 or 321J.2A resulting from the same circumstances that resulted in the administrative revocation being challenged, the court held one of the following:
>
> (1) That the peace officer did not have reasonable grounds to believe that a violation of section 321J.2 or 321J.2A had occurred to support a request for or to administer a chemical test.
>
> (2) That the chemical test was otherwise inadmissible or invalid.
>
> *c.* Such a holding by the court in the criminal action is binding on the department, and the department shall rescind the revocation.

Iowa Code § 321J.13(6). Thus, the success of Stone's argument depends on the meaning of "rescind the revocation" contained in section 321J.13(6)(*c*).

The Code does not define "rescind" in relation to the rescission of a license revocation. Therefore, to determine whether the rescission applies retroactively, the court must interpret the statute. The purpose of statutory construction is to determine legislative intent. *Auen v.*

*Alcoholic Beverages Div.*, 679 N.W.2d 586, 590 (Iowa 2004). We determine the legislature's intent by the words chosen, not by what it should or might have said. *State v. Wiederien*, 709 N.W.2d 538, 541 (Iowa 2006). Absent a statutory definition or an established meaning in law, the court gives words their ordinary and common meaning by considering the context in which the legislature used the word. *City of Des Moines v. Employment Appeal Bd.*, 722 N.W.2d 183, 196 (Iowa 2006).

Black's Law Dictionary defines rescind as: "[t]o abrogate or cancel (a contract) unilaterally or by agreement" or "[t]o make void; to repeal or annul." *Black's Law Dictionary* 1332 (8th ed. 2004). The dictionary defines rescind as to do away with, to take away, remove, take back, annul, cancel, "to abrogate (a contract) by tendering back or restoring to the opposite party what one has received from him," and "to vacate or make void (as an act) by the enacting or a superior authority; repeal." *Webster's Third New International Dictionary* 1930 (unabr. ed. 2002). None of these definitions in a noncontractual setting indicates the word "rescind" means to retroactively undo all the effects of the initial action that was later rescinded.

Stone argues the contractual definition is controlling and that once the DOT rescinded his revocation, it put him in the position as if the revocation never took place. Stone's reliance is misplaced.

Rescission, as used in the contractual sense, is an equitable remedy devised by the law. *See Potter v. Oster*, 426 N.W.2d 148, 151 (Iowa 1988) (stating "[r]escission is a restitutionary remedy which attempts to restore the parties to their positions at the time the contract was executed"). The remedy of rescission does not assume the events occurring prior to the remedy did not occur. *Barlow v. Comm'r of Pub. Safety*, 365 N.W.2d 232, 233 (Minn. 1985).

A situation more analogous to Stone's is the legislature's repeal of an existing statute. Even though the legislature repeals a law, the repeal of a law does not "affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed." Iowa Code § 4.1(26).

Prior to the DOT's rescission of Stone's revocation, Stone had notice his driving privileges were revoked, and he knew he could only drive in situations allowed by his temporary work permit. The only fact relevant to Stone's prosecution was the status of his license on September 14, 2006. The DOT's rescission of Stone's revocation did not change the fact that on September 14, when he was stopped, Stone's license was revoked and he was driving his vehicle in a manner not permitted by his temporary work permit. Consequently, the DOT's rescission of Stone's revocation does not prevent the State from prosecuting Stone for driving while his license was denied or revoked for an OWI test refusal.

On appeal, Stone also raises a due process argument under the state and federal constitutions. In his brief, he cites two Supreme Court cases dealing with the substantive due process rights of prisoners. In the district court, Stone's attorney attempted to raise the due process issue in the following exchange with the district court:

> But for our first three numbered paragraphs in the Motion in Limine, we would ask that the Court prohibit any reference at trial to any alleged sanction which is not contained in the current certified driving record of the Iowa Department of Transportation and which has been rescinded by the Iowa Department of Transportation. We would allege that failure to do so would be contrary to the Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 8, 9, and 10 of the constitution of the State of Iowa. And we would also rely on those Constitutional protections in our motion.

Thank you.

THE COURT: Okay. What specific Constitutional protections are you referring to?

MR. KEEGAN: Due process and fair trial.

His attorney did not make any legal arguments or cite any authority for his position. It is unclear from the record made whether he was making a substantive or procedural due process argument. By not specifying the nature of his constitutional claims in the district court, Stone has failed to preserve error on his constitutional claims. *State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002) (stating the party must alert the court to the specific constitutional provisions at issue and must explain the alleged violations of the provisions). We will not consider issues, even constitutional issues, which a party did not properly raise in the district court. *State v. Mitchell*, 757 N.W.2d 431, 435 (Iowa 2008).

The last issue Stone raises on appeal is the court's failure to allow him to introduce his certified driving record, as it existed after the DOT rescinded the revocation, which showed his license was not revoked on September 14, 2006. The State brought a record custodian from the DOT to testify as to the status of Stone's driving privileges on September 14. After laying the proper foundation, the custodian testified the DOT's records revealed on September 14 Stone's driving license was revoked subject to a temporary work permit. We agree with the district court that the certified driving record showing the DOT had not revoked Stone's license on September 14 was inadmissible.

Our rules of evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it

would be without the evidence." Iowa R. Evid. 5.401. As we previously held in this opinion, the status of Stone's driving privileges on September 14 is the only relevant fact the State needs to prove to convict Stone of driving while his license was denied or revoked for an OWI test refusal. The fact the DOT later rescinded his revocation is irrelevant to any issue in this prosecution. Therefore, the court was correct when it did not allow Stone to introduce his certified driving record, as it existed after the DOT rescission.

**V. Disposition.**

We hold the DOT's rescission of its revocation of Stone's driver's license after the date he was charged with driving while his license was denied or revoked for an OWI test refusal does not preclude the State from pursuing the charge. We also hold Stone failed to preserve any constitutional claim on appeal, and the district court did not err in refusing to admit Stone's certified driving record that did not show his revocation. We affirm the judgment of the district court.

**AFFIRMED.**