# IN THE COURT OF APPEALS OF IOWA

No. 14-0395
Filed September 17, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH LEE BARNES,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, District Associate Judge.

A defendant challenges the validity of his guilty plea to driving while barred. **AFFIRMED.**

Joseph R. Lapointe, Mason City, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Carlyle Dalen, County Attorney, and William Hoekstra, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

Despite his driving privileges being barred, Joseph Lee Barnes drove his Jeep from his backyard to his driveway so he could work on the radiator. A neighbor reported the driving to Clear Lake police, who arrested Barnes on October 17, 2013.

On November 14, 2013, the State charged Barnes with operating a motor vehicle while barred, an aggravated misdemeanor, in violation of Iowa Code sections 321.560 and 321.561 (2013), as a habitual offender. Barnes entered a written guilty plea to the charge, which the district court accepted on January 27, 2014. On February 19, 2014, the district court sentenced Barnes to thirty days in jail with all but two days suspended, a $625 fine, and a thirty-five percent surcharge.

Barnes appealed and asked the Iowa Supreme Court to retain the case to re-examine *State v. Burns*, 541 N.W.2d 875 (Iowa 1995). *See* Iowa R. App. 6.1102(2)(f). The supreme court reviewed the briefs and transferred the appeal to this court.

Barnes raises two points on appeal. First, he contends the district court did not comply with Iowa Rule of Criminal Procedure 2.8(2)(d). Second, he challenges the factual basis for his guilty plea by seeking to overturn *Burns*. We cannot grant Barnes relief on either account.

Rule 2.8(2)(d) requires the court to "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such

challenges shall preclude the right to assert them on appeal." Barnes alleges the court contravened this rule by failing to mention the necessity of filing a motion in arrest of judgment in the order accepting the guilty plea or at sentencing. Barnes contends rule 2.8(2)(d) requires the court to advise the defendant "in open court and on the record" of his right to challenge a plea by motion in arrest of judgment. His contention runs counter to the holding in *State v. Barnes*, 652 N.W.2d 466 (Iowa 2002).

In the instant case, Barnes's written plea stated:

> If I wish to contest the validity of this guilty plea proceeding, I must do so by filing a Motion in Arrest of Judgment. The Motion must be in writing and filed with the Clerk of Court at least five days before sentencing or within forty-five days from the date my plea of guilty is accepted by the Court, whichever date is sooner. If I do not file the Motion, I cannot contest the validity of my guilty plea either in this Court or on appeal but I may still appeal the sentence.

In the following paragraph, Barnes acknowledged he was waiving the right to file a motion in arrest of judgment. Barnes wrote his initials next to both of these paragraphs. The record does not reveal and Barnes does not contend that his waiver was involuntary or unintelligent.

*Barnes* held "defendants charged with serious or aggravated misdemeanors may enter into a valid written waiver of the right to file a motion in arrest of judgment" and by doing so those defendants trigger the bar to challenging a guilty plea under Iowa Rule of Criminal Procedure 2.24(3)(*a*). 652 N.W.2d at 468. Because in this case, Barnes did not file a motion in arrest of judgment, he cannot challenge his plea for the first time on appeal.

Even if Barnes could challenge the factual basis for his plea, our court must follow *Burns.* Barnes urges that "operating" under chapter 321 should mean "operating on a public road." In *Burns*, the defendant drove his Chevy Blazer in the barnyard of his farm, but the court determined he violated section 321.561[1] because that statute does not "distinguish between operation on a public highway and operation at some other location." 541 N.W.2d at 876. We cannot consider Barnes's more restrictive definition of operating because "[w]e are not at liberty to overturn Iowa Supreme Court precedent." *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

Barnes entered into a valid written waiver of his right to file a motion in arrest of judgment and is thus precluded from challenging his guilty plea on appeal. Even if he could mount such a challenge, his admission to driving his Jeep on his own property provided a factual basis for the offense of habitual driving while barred under *Burns.*

**AFFIRMED.**

---

[1] Section 321.561 states:
> It shall be unlawful for any person found to be a habitual offender to operate any motor vehicle in this state during the period of time specified in section 321.560 except for a habitual offender who has been granted a temporary restricted license pursuant to section 321.215, subsection 2. A person violating this section commits an aggravated misdemeanor.