# IN THE COURT OF APPEALS OF IOWA

No. 14-0837
Filed June 10, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JORGE G. GARCIA-VILLA,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, James D. Coil (motion to dismiss) and Joseph M. Moothart (trial), District Associate Judges.

The defendant appeals his conviction for driving while barred, as a habitual offender. **AFFIRMED.**

Thomas P. Frerichs of Frerichs Law Office, P.C., Waterloo, or appellant.

Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Thomas Ferguson, County Attorney, and Charity Sullivan, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

The defendant Jorge Garcia-Villa challenges his conviction for driving while barred, as a habitual offender, in violation of Iowa Code sections 320.560 and 320.561 (2013). On appeal, Garcia-Villa argues the law is inapplicable to a motorist who was issued a temporary restricted license pursuant to Iowa Code section 321.215. We affirm the defendant's conviction and sentence.

On February 25, 2013, the Iowa Department of Transportation (hereinafter "IDOT") notified Garcia-Villa that his privilege to operate a motor vehicle was barred pursuant to Iowa Code sections 321.560 and 320.561, as a habitual offender, as defined by Iowa Code section 321.555. In April 2013, Garcia-Villa was issued a temporary restricted license pursuant to Iowa Code section 320.215(2) that permitted him to travel only to and from work.

On May 23, 2013, Garcia-Villa was pulled over for a moving violation. The investigating officer determined Garcia-Villa was driving outside the scope of his temporary restricted license, a conclusion with which Garcia-Villa does not disagree. On June 26, 2013, Garcia-Villa was charged with driving while license barred as a habitual offender:

> It shall be unlawful for any person found to be a habitual offender to operate any motor vehicle in this state during the period of time specified in section 321.560 except for a habitual offender who has been granted a temporary restricted license pursuant to section 321.215, subsection 2. A person violating this section commits an aggravated misdemeanor.

Iowa Code § 321.561. Garcia-Villa moved to dismiss the charge on the ground that the statute did not apply to those granted a temporary restricted license pursuant to Iowa Code section 321.215(2), even while operating outside the

scope of the restricted license. The district court denied the motion. Following a bench trial, Garcia-Villa was convicted of the charged offense and sentenced.

On appeal, Garcia-Villa makes the same argument he made to the district court. Like the district court, we reject the defendant's argument. Upon receipt of official notice from IDOT, Garcia-Villa's privilege to operate a motor vehicle was barred. *See State v. Burns*, 541 N.W.2d 875, 876 (Iowa 1995) ("Because defendant had been convicted as an habitual offender, any operation of a motor vehicle during the prohibited period was proscribed by this statute."). Garcia-Villa's receipt of a temporary restricted license did not change his status as a barred driver; the temporary restricted license gave him the privilege of operating a motor vehicle only within certain parameters as set forth in section 321.215. *See* Iowa Code § 321.215(2)(b) ("The temporary restricted license is restricted to the limited purpose or purposes specified in subsection 1 at times specified in the license.").

In this case, the temporary restricted license authorized Garcia-Villa to lawfully operate a vehicle only in relation to travel to and from work. The written notice of restrictions specifically stated that the license was "NOT VALID FOR OTHER PURPOSES." At the time of the traffic stop, Garcia-Villa was driving outside the scope of his restrictions. Thus, his legal status at the time of operation was that of a barred motorist and not a motorist operating pursuant to a temporary restricted license. *See* Iowa Code § 321.215(2)(b) and (3) ("The temporary restricted license shall be canceled upon conviction of a moving traffic violation or upon a violation of a term of the license."); *Burns*, 541 N.W.2d at 877

("As we have previously observed, the section 321.561 penalty is predicated on driving following conviction as an habitual offender rather than driving in violation of statutory licensing provisions."). Garcia-Villa was thus subject to criminal sanction despite being issued a temporary restricted license.

Support for this conclusion is found in the analogous case of *State v. Schmidt*, 480 N.W.2d 886, 886-87 (Iowa 1992). In that case, the defendant's license was revoked for operating while intoxicated pursuant to Iowa Code section 321J.12. *See Schmidt*, 480 N.W.2d at 886-87. Schmidt was issued a temporary restricted license pursuant to section 321J.20. *See id.* at 887. As in this case, Schmidt was pulled over and found to be operating a motor vehicle outside the scope of the temporary restricted license. *Id.* Schmidt argued that because he had a valid temporary restricted license he was not driving with a revoked license. *Id.* The court rejected the argument, reasoning that the legal status of being a "revokee" was not changed by the issuance of a temporary restricted license under the same statute. *Id.* The person's status remained a "revokee" while operating a motor vehicle outside the scope of the restricted license. *Id.* Similarly, in this case, Garcia-Villa was barred from operating a motor vehicle. His status as a barred driver was not changed by the issuance of the temporary restricted license. He remained a barred driver when operating outside the scope of his temporary restricted license. *Cf. id.* at 888 ("Schmidt's actions are appropriately characterized as driving while his license was revoked and, therefore, the judgment of the district court is affirmed.").

We have considered all the issues presented by the parties, whether set forth fully herein, and we affirm the defendant's conviction and sentence without further opinion.

**AFFIRMED.**