**Robert Allen SHELTON, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 00–0958.

Supreme Court of Iowa.

May 8, 2002.

Michael L. Mollman of Mollman Law Office, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Charles S. Lavorato, Assistant Attorney General, for appellee.

NEUMAN, Justice.

Plaintiff Robert Shelton brought this suit to recover for severe injuries he suffered in a fall in a state park. The suit was dismissed on the State's motion for summary judgment, the trial court holding the State's alleged tortious conduct fell within the discretionary function exception to the State Tort Claims Act. We affirm.

Wild Cat Den State Park in Muscatine County, comprising more than four hundred acres, is owned and operated by the state through the Department of Natural Resources. One of its major attractions is a trail system which winds through a variety of terrain leading from near the base to the top of sandstone bluffs. The trails were first constructed in the 1930s by the United States Conservation Corps and were renovated by park authorities between 1986 and 1996. They are located in a pristine outdoor environment. A main trail begins about one hundred feet from the base of a stone cliff and ends where it passes at a distance varying from ten feet to one-quarter mile from the top edge of the cliff. The area between the trail and cliff edge is either level or sloping forest.

The park's precipitous rock formations, obviously formidable, prompted park authorities to post signs prohibiting repelling or rock climbing. We of course accept Shelton's denial he in any way violated this warning. *See Theisen v. Covenant Med. Ctr., Inc.,* 636 N.W.2d 74, 79 (Iowa 2001) (court reviews summary judgment record "in the light most favorable to the nonmoving party"). For purposes here we likewise ignore the State's suggestion that he

may have ventured into a "voluntary" trail, one developed by hikers creating a route other than an official one constructed and maintained by park authorities. *Id.*

While on a family outing Shelton encountered some loose gravel at a point where the trail passes along the edge of the cliff. He fell over forty feet into some trees below and finally came to rest on a lower bluff. His injuries were severe and debilitating. He is paralyzed from the waist down and incurred medical expenses in excess of $100,000. He claims the state is liable for his injuries because park authorities were negligent in failing to maintain trails or erect guardrails in the park, failing to protect members of the public using the park, and failing to insure that the park was safe for members of the visiting public.

Shelton brought this suit after exhausting his administrative remedy with the State Appeal Board. His appeal from a summary judgment ruling dismissing the suit involves only the State's discretionary function defense. Shelton thinks summary judgment was inappropriate because the parties have underlying factual disputes. *See id.* at 78 (summary judgment proper only where record reveals no genuine issue of material fact). But the disputed factual issues here are not material because they relate only to Shelton's assertions of negligence, which, as hereafter explained, will not be reached because the discretionary function exception applies.

I. Until relatively recent times, the public was immune from liability for torts committed by the government, its officers or employees. Clamor against this unpopular rule was noted in *Boyer v. Iowa High Sch. Athletic Ass'n*, 256 Iowa 337, 127 N.W.2d 606 (1964) in which we were unanimous in condemning the rule. A majority, however, held that its abrogation should await action by the legislature. *Id.* at 348, 127 N.W.2d at 612. Four justices dissented, contending this court should strike it down. *Id.* at 358, 127 N.W.2d at 618. The General Assembly responded favorably the following year by enacting the State Tort Claims Act. 1965 Iowa Acts ch. 79. Waiver of immunity is now spelled out in Iowa Code section 669.4 (1999) but is subject to several exceptions, including the one at issue here: claims based on "the exercise or performance or the failure to exercise or perform a discretionary function ...." Iowa Code § 669.14(1). Thus, the controlling question is whether the park authorities' actions—or lack of them—criticized by Shelton as tortious, involved a discretionary function. If so, governmental immunity bars the claim.

We employ a two-step test for determining whether challenged actions fall within the discretionary function exception. The first step is to consider whether the action involved a matter of choice on the part of those acting for the government. *Goodman v. City of Le Claire*, 587 N.W.2d 232, 237–38 (Iowa 1998). If so, a second step must be satisfied. It must also appear that the challenged judgment call is of the kind the discretionary function was designed to shield. *Id.*[1]

---

1. In a recent unpublished opinion, *Roher v. Veterans Mem'l Hosp.*, No. 98–1585, 2000 WL 145045, at *2–3 (Iowa Ct.App. Feb.9, 2000), our court of appeals analyzed a discretionary function exception issue using the planning-operational dichotomy applied in *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). In *Goodman*, however, we recognized that our court, and many others, had misinterpreted *Dalehite's* scheme, thereby failing to recognize discretionary decisions at the "operational" level. *Goodman*, 587 N.W.2d at 238. To correct this misapplication of the law, we adopted the two-prong analysis approved in *Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). *Id.* To the extent *Roher*

**II.** Although he argues otherwise, Shelton's petition presupposes the first step. His specifications of negligence—wrongly locating trails, failing to maintain them, failing to protect the public by placing guardrails or warning signs—are charges of wrong choices, not non-choices. Shelton points to the broad language of Iowa Code section 308.7(3) which provides "[t]he department of natural resources . . . shall: [m]aintain, improve, and beautify according to plans made . . . all conservation areas . . . ." But this statute vests discretion with the department in the matters at issue. It does so by directing state authorities to make plans which, by their very nature, are combinations of choices. The first step is readily established.

So is the second, determining whether the choices at issue were of the sort intended for protection under the discretionary exception. We think the choices challenged here are the archetype of the sort intended for protection. The basis for the exception is well known. It is to "prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Goodman,* 587 N.W.2d at 237 (quoting *Berkovitz,* 486 U.S. at 536–37, 108 S.Ct. at 1959, 100 L.Ed.2d at 541). The substances used in forming the trails, the placement of the trails, the omission of guards or handrails, placement or omission of warning signs, and trail maintenance, were all matters for park professionals. These administrative choices, driven as they were by economics and aesthetics, are clearly matters into which courts in general and judges in particular are ill equipped to intrude.

**III.** The Tort Claims Act is especially appropriate for applying the sometimes criticized but familiar rule that we are guided by federal decisions interpreting federal statutes on which our own statutes are modeled. *Id.* at 236. Where, as here, negligence suits have challenged discretionary decisions implicating governmental policy choices in park management and maintenance, federal decisions supporting dismissal are close to unanimous. *See, e.g., Shansky v. United States,* 164 F.3d 688, 691, 695 (1st Cir.1999) (decision to omit safety of handrails in favor of authenticity at refurbished historic site held discretionary and susceptible to policy analysis, thus justifying application of discretionary function exception); *Rosebush v. United States,* 119 F.3d 438, 442, 444 (6th Cir.1997) (in absence of rule mandating "precise manner" of maintaining campground firepits, decisions balancing safety concerns with financial considerations and environmental impact are protected by discretionary function exception); *Blackburn v. United States,* 100 F.3d 1426, 1434 (9th Cir.1996) (discretionary function exception applied where competing policy decisions drove park service decision to choose warning signs instead of barriers to prevent diving off bridge in Yosemite); *Valdez v. United States,* 56 F.3d 1177, 1180 (9th Cir.1995) (broad safety goals attainable only by exercise of discretion and challenged conduct involving maintenance of trails, guard rails and warning signs implicated policy decision between "maximizing access to and preservation of natural resources versus the need to minimize potential safety hazards"); *Autery v. United States,* 992 F.2d 1523, 1530–31 (11th Cir.1993) (in absence of statute or policy mandating specific manner of inspecting for hazardous trees, park officials' decision and execution of plan involved balance between visitor safety, budgetary limitations and environmen-

---

rested on an out-dated analysis, it should not be relied upon as authoritative.

tal concerns protected by discretionary function exception); *Zumwalt v. United States*, 928 F.2d 951, 955 (10th Cir.1991) (decision to place trail warnings in pamphlet, not on trail's path, reflected discretionary policy decision to maintain trail in a "wilderness state"); *Bowman v. United States*, 820 F.2d 1393, 1395 (4th Cir.1987) (decision to open up vista and not install guardrail on Blue Ridge Parkway resulted from policy judgment balancing safety, aesthetics, environmental impact and financial resources; discretionary function exception prevents courts from second-guessing such policies).

Only where government rules dictate nondiscretionary action based on known safety hazards have courts refused to summarily accord immunity. *See, e.g., Fang v. United States*, 140 F.3d 1238, 1242–43 (9th Cir.1998) (policy shield of discretionary function exception does not protect rescue personnel who failed to stabilize fallen hiker's spine prior to transport, but exception applies to decisions regarding availability of emergency equipment at accident site); *Duke v. Dep't of Agric.*, 131 F.3d 1407, 1412 (10th Cir.1997) (although no rule required specific safety measures, neither would social or economic policy considerations justify failure to warn of man-made hazard causing boulders to tumble into campsite); *Faber v. United States*, 56 F.3d 1122, 1126 (9th Cir.1995) (no discretion involved where park service failed to follow specifically prescribed policies requiring implementation of three safety measures to prevent public from diving at waterfall).

To sum up, the trial court's refusal to consider Shelton's negligence claims on their merits was correct. The General Assembly took care, under the discretionary function exception, to leave immunity in place where governmental officials are called upon to make judgment calls. This was such a case.

**AFFIRMED.**

All justices concur except LAVORATO, C.J., who takes no part.