**Roger R. DAVISON and Sharon L. Davison, Plaintiffs–Appellants,**

v.

**STATE of Iowa, Defendant–Appellee.**

No. 02–1178.

Court of Appeals of Iowa.

June 13, 2003.

Guy R. Cook and Michael A. Carmoney of Grefe & Sidney, P.L.C., Des Moines, for appellants.

Thomas J. Miller, Attorney General, Richard E. Mull and Robin G. Formaker, Assistant Attorneys General, for appellee.

Considered by ZIMMER, P.J., and HECHT and EISENHAUER, JJ.

EISENHAUER, J.

Roger and Sharon Davison appeal from the district court's order granting the State of Iowa's motion for summary judgment on their claims for negligence and negligent infliction of emotional distress. They contend the district court erred in applying discretionary function immunity and in concluding no genuine issues of material fact are in dispute. They also contend the district court's ruling is against the law of the case. We affirm.

*I. Background Facts and Proceedings.* On October 3, 1998, Roger Davison was driving his pickup truck east on Highway 2 in Taylor County, while Mathew Daughton was driving west in a pickup truck pulling a wagon gear. Daughton's wagon gear became detached from the pickup truck, crossed the centerline, and struck Davison's truck. Davison's vehicle veered off the north side of the highway, injuring Davison. Davison's wife, Sharon, was following him in her own vehicle and witnessed the incident.

After filing the requisite claim with the State Appeal Board pursuant to Iowa Code section 669.5 (1997), the Davisons filed a petition in the district court in December 2000. Roger Davison claimed the State was negligent (1) by failing to perform proper inspections of the highway, (2) by failing to adequately maintain and repair the highway, and (3) by failing to take reasonable measures to warn motorists of the dangerous conditions created by the badly deteriorated roadway. Sharon Davison claimed the State was liable for negligent infliction of emotional distress

under the bystander theory. In response to their petition, the State filed a motion to dismiss or strike, which the district court denied. In May 2002, the State filed a motion for summary judgment, which the district court granted June 25, 2002.

## II. Scope of Review.
We review rulings on motions for summary judgment for errors at law. *Sain v. Cedar Rapids Cmty. Sch. Dist.*, 626 N.W.2d 115, 121 (Iowa 2001). The record before the district court is reviewed to determine whether a genuine issue of material fact existed and whether the district court correctly applied the law. *Id.* The court must view the facts in the light most favorable to the party resisting the motion and must consider every legitimate inference that can be reasonably deduced from the record in favor of the resisting party. *Phillips v. Covenant Clinic*, 625 N.W.2d 714, 717–18 (Iowa 2001).

■ **III. Preservation of Error.** The State argues the Davisons did not preserve error on their claim the State failed to warn motorists of the dangerous conditions of the roadway. The Davisons do not address the issue in their brief. The Davison's failure to argue the court erred in dismissing their failure to warn claim results in waiver of the issue. Iowa R.App. P. 6.14(1)(c).

■ The Davisons also failed to preserve error on their argument the district court's ruling on summary judgment is contrary to the law of the case. They suggest the court's ruling on the motion to dismiss prevents the granting of the motion for summary judgment. The issue was not raised in their resistance to the State's motion for summary judgment, and the Davisons did not file a motion to enlarge pursuant to Iowa Rule of Civil Procedure 1.904(2). Accordingly, the issue is waived. *See Meier v. Senecaut*, 641 N.W.2d 532, 541 (Iowa 2002) (holding failure to call to the attention of the district court its failure to consider an issue, and to give the court an opportunity to pass upon it waives the issue).

■ **IV. Discretionary Function Immunity.** The Davisons contend the district court erred in finding the discretionary function exception to the State Tort Claims Act precludes their failure to inspect and maintain claims. This exception applies to

> [a]ny claim based upon an act or omission of an employee of the state, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a state agency or an employee of the state, whether or not the discretion be abused.

Iowa Code § 669.14(1).

■ We employ a two-step test for determining whether challenged actions fall within the discretionary function exception. *Shelton v. State,* 644 N.W.2d 27, 29 (Iowa 2002). We first consider whether the action involved a matter of choice on the part of those acting for the government. *Id.* If so, it must also appear that the challenged judgment call is of the kind the discretionary function was designed to shield. *Id.*

■ *1. Was an element of judgment or discretion involved?* We must first determine whether the State's actions were a matter of choice or judgment. *A. Doe v. Cedar Rapids Cmty. Sch. Dist.*, 652 N.W.2d 439, 443 (Iowa 2002). If the State's conduct cannot be "appropriately the product of judgment or choice, then there is no discretion in the conduct for the discretionary function exception to protect." *Id.* (citation omitted). Nearly all

challenged conduct can be characterized as the exercise of some judgment or discretion as judgment is exercised in almost every human endeavor. *Id.*

We conclude the Department of Transportation's decisions regarding the performance of inspections, maintenance, and repairs are matters of judgment left to its discretion.

**2. Is the challenged conduct of the nature the legislature intended to shield from liability?** Once we decide an element of discretion was involved, we then must determine whether that discretion was of the nature the legislature intended to insulate from liability. *Id.* at 444. We now turn to the second part of the test and consider whether the nature of the challenged act is entitled to immunity. *Id.*

■ Immunity applies if the State's challenged conduct involved considerations of public policy. *Id.* The more the State's judgment involved policy-making, the more it is to be recognized as immune from judicial process. *Id.* If the challenged conduct involved a high degree of discretion and judgment in weighing alternatives and making choices with respect to public policy and planning, the State would be immune from liability. *Id.*

■ We conclude the discretion was of the nature the legislature intended to insulate from liability. As our supreme court held in *Messerschmidt v. City of Sioux City,* 654 N.W.2d 879, 882 (Iowa 2002):

> When a city decides whether to build a road, open a new street, or install highway guardrails, it may consider various social, economic, and political policies. For instance, the city may weigh competing needs of pedestrian safety, engineering concerns, commerce, traffic flow, and limited financial resources.

Likewise, the Department of Transportation's decisions on how to inspect and maintain the State's road system involves weighing alternatives and making choices with respect to public policy and planning. Accordingly, the State is immune from liability for its inspection and maintenance decisions regarding Highway 2.

Because the State is immune from liability for its failure to inspect or maintain Highway 2, we need not consider the Davisons' remaining issue on appeal.

**AFFIRMED.**