# IN THE COURT OF APPEALS OF IOWA

No. 16-0604
Filed October 26, 2016

**MEHO IBRAHIMOVIC,**
    Applicant-Appellee,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

The State appeals from the district court's grant of the applicant's application for postconviction relief. **AFFIRMED.**

Alexander D. Smith of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Meho Ibrahimovic sought postconviction relief following his multiple convictions for possession of stolen property. He claimed he received constitutionally ineffective assistance of counsel when his counsel failed to advise him of the immigration consequences of his guilty pleas. Ibrahimovic moved for summary disposition on his claim, contending prejudice should be presumed from the breach of duty. The district court granted Ibrahimovic's motion for summary disposition, concluding it was not disputed Ibrahimovic's counsel breached a duty and concluding Ibrahimovic was entitled to relief as a matter of law because prejudice was presumed under the circumstances. The State timely filed this appeal.

On appeal, the State contends the district court erred because the failure to advise a defendant of the immigration consequences arising from conviction following a guilty plea does not give rise to a presumption of prejudice. Instead, the State argues, *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006), requires the applicant to establish *Strickland* prejudice resulted from counsel's failure to give the required advice. The State did not raise this argument in the district court. The entirety of the State's substantive resistance to Ibrahimovic's motion is as follows:

> Resistance is supported by [plea counsel's] deposition, the guilty pleas/sentencing transcripts and the court file in each of the above numerated cases which the State requests that the Court take Judicial Notice all of which support the finding that the Court should deny the Motion for Summary Disposition.

The State did not argue prejudice should not be presumed or Ibrahimovic failed to establish prejudice.

The State's failure to make an argument of any sort in the district court constitutes waiver of the argument. *See State v. Baldon*, 829 N.W.2d 785, 789 (Iowa 2013) (finding the State waived "argument by not presenting it to the district court in a manner that would have allowed the court to fully and properly address it"); *In re N.V.*, 744 N.W.2d 634, 639 (Iowa 2008) ("Ordinarily, issues not presented to the trial court are not reviewable when raised for the first time on appeal."); *State v. Miranda*, 672 N.W.2d 753, 761 (Iowa 2003) ("Because the State does not separately address this issue, it has waived any argument to the contrary."); *Reyna v. State*, No. 13-0126, 2014 WL 1234142, at *2 (Iowa Ct. App. Mar. 26, 2014) (holding State waived statute of limitations defense by failing to raise it); *Susie v. Bennett*, No. 06-0116, 2006 WL 3436433, at *4 (Iowa Ct. App. Nov. 30, 2006) ("Where an issue is not raised in resistance to a motion for summary judgment, and is not included in a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), it is waived."); *Davison v. State*, 671 N.W.2d 519, 521 (Iowa Ct. App. 2003) ("The issue was not raised in their resistance to the State's motion for summary judgment, and the Davisons did not file a motion to enlarge pursuant to Iowa Rule of Civil Procedure 1.904(2). Accordingly, the issue is waived.").

**AFFIRMED.**