# IN THE SUPREME COURT OF IOWA

No. 18 / 07-0583

Filed February 15, 2008

**IN THE INTEREST OF N.V. and P.V.,**

Minor Children,

**STATE OF IOWA,**

Appellant.

---

Appeal from the Iowa District Court for Polk County, Constance Cohen, Juvenile Judge.

The State appeals the decision by the district court to transfer this case to a tribal court. **AFFIRMED.**

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, and Andrea Vitzhum, Assistant County Attorney, for appellant.

Jeffrey S. Rasmussen of Olson Allen & Rasmussen, L.L.P., Bloomington, Minnesota, and Patrick Wilson, Marshalltown, for appellee Sac and Fox Tribe of the Mississippi in Iowa.

Victoria Meade, West Des Moines, for appellee-mother.

David Pargulski, Des Moines, for appellee-father.

Christine Bisignano, West Des Moines, for minor children.

**WIGGINS, Justice.**

We must decide whether the district court properly transferred this case to the tribal court. Because the State failed to provide a legal basis for the district court to deny the transfer of this case to the tribal court, we affirm the district court's order.

## I. Background Facts and Proceedings.

The State filed a child in need of assistance (CINA) petition regarding N.V. and P.V. in September 2005. The father of the children was an enrolled member of a tribe other than the Sac and Fox Tribe; however, his mother was a member of the Sac and Fox Tribe, making the father a descendant. According to the Sac and Fox Tribe, N.V. and P.V. were not entitled to enrollment. Even though the children were not entitled to enrollment, under the Iowa Indian Child Welfare Act (Iowa ICWA) the Sac and Fox Tribe was entitled to notification of the proceedings because the Iowa ICWA defines an Indian child as one whom "the Indian tribe identifies as a child of the tribe's community." Iowa Code § 232B.3(6) (2005).[1]

On November 28 the district court held a CINA hearing. At the hearing the director of Meskwaki Family Services, who oversees the Iowa ICWA transfers for the Sac and Fox Tribe, acknowledged the tribe received notice of the CINA proceedings. The director testified N.V. and P.V. are not eligible for membership or enrollment in the tribe, but are considered descendants. Therefore, N.V. and P.V. are children of the tribal community and hence Indian children under the Iowa ICWA. The director explained the tribe did not wish to seek jurisdiction over the case

---

[1]In November 2007 we held section 232B.3(6) to be unconstitutional as applied to children who were not members of a tribe or eligible for membership in a tribe. *In re A.W.*, 741 N.W.2d 793, 813 (Iowa 2007).

because it only sought jurisdiction over cases involving children who were enrolled or eligible for enrollment in the tribe.

The CINA proceedings continued under Iowa Code section 232.2(6)(*n*) (parental drug use) and section 232.2(6)(*c*)(2) (parental failure to supervise). The parents did not contest the adjudication of their children as children in need of assistance or the placement of their children outside the home with a relative who was licensed as a foster parent. At the time of the CINA proceedings, both parents were incarcerated.

The mother was released from custody in August 2006. The court held the termination hearing on March 1, 2007. The mother was present at the hearing in person and the father appeared by telephone because he was still incarcerated. At the hearing the mother requested the court to transfer jurisdiction of the proceedings to the tribal court. The father joined the request. The State objected to the transfer. After granting additional time to submit briefs on the issue, the district court granted the request to transfer jurisdiction to the tribal court.

**II. Issues.**

The State raises three issues on appeal: (1) whether the district court could deny an "eleventh-hour" request to transfer the custody proceedings to a tribal court; (2) whether the parties or witnesses would suffer undue hardship by such a transfer; and (3) whether the doctrines of estoppel, forfeiture, or laches prevent the parents from requesting a transfer to the tribal court.

**III. Scope of Review.**

Normally, our review of proceedings to terminate parental rights is de novo. *In re J.E.,* 723 N.W.2d 793, 798 (Iowa 2006). However, we review issues of statutory interpretation for correction of errors at law.

*State v. McCoy*, 618 N.W.2d 324, 325 (Iowa 2000).  Because the court did not hold a termination hearing, and because the court based its decision to transfer the case on its interpretation of Iowa Code section 232B.5(10), our review is for correction of errors at law.

**IV.  Analysis.**

**A.  Whether the District Court Could Deny an "Eleventh-Hour" Request to Transfer Custody Proceedings to a Tribal Court.**  Sections 232B.5(10) and 232B.5(13) deal with a request to transfer a case from a district court to a tribal court.  Section 232B.5(10) allows either of a child's parents to request such a transfer.  Iowa Code § 232B.5(10).  This section provides:

> Unless either of an Indian child's parents objects, in any child custody proceeding involving an Indian child who is not domiciled or residing within the jurisdiction of the Indian child's tribe, the court shall transfer the proceeding to the jurisdiction of the Indian child's tribe, upon the petition of any of the following persons:
>
> *a.*     Either of the child's parents.
>
> *b.*     The child's Indian custodian.
>
> *c.*     The child's tribe.

*Id.*

Section 232B.5(13) puts limits on the court's ability to transfer a case to the tribal court.  Section 232B.5(13) provides what circumstances constitute "good cause" for a court to deny a request to transfer a case to a tribal court.  *Id.* § 232B.5(13).  The section reads as follows:

> If a petition to transfer proceedings as described in subsection 10 is filed, the court shall find good cause to deny the petition only if one or more of the following circumstances are shown to exist:
>
> *a.*     The tribal court of the child's tribe declines the transfer of jurisdiction.

    *b.*      The tribal court does not have subject matter jurisdiction under the laws of the tribe or federal law.

    *c.*      Circumstances exist in which the evidence necessary to decide the case cannot be presented in the tribal court without undue hardship to the parties or the witnesses, and the tribal court is unable to mitigate the hardship by making arrangements to receive and consider the evidence or testimony by use of remote communication, by hearing the evidence or testimony at a location convenient to the parties or witnesses, or by use of other means permitted in the tribal court's rules of evidence or discovery.

    *d.*      An objection to the transfer is entered in accordance with subsection 10.

*Id.*

The State requests us to construe the transfer statutes to provide the court with discretion to deny the parents' demand to transfer jurisdiction to the tribal court because they did not present good cause to excuse their untimely transfer request. We only resort to the rules of statutory construction when a statute is ambiguous. *State v. Wiederien*, 709 N.W.2d 538, 541 (Iowa 2006). When the statute's language is plain and its meaning is clear, we look no further. *State v. Snyder*, 634 N.W.2d 613, 615 (Iowa 2001). "If reasonable persons can disagree on a statute's meaning, it is ambiguous." *Weiderien*, 709 N.W.2d at 541. In this case, the language is plain, clear, and susceptible to only one interpretation.

Section 232B.5(10) mandates that a court *shall* transfer the proceeding to a tribal court upon a petition from the persons listed in the statute. Iowa Code § 232B.5(10). While the statute does not directly speak to the timing of when the transfer can or should be made, the statute does include the language "upon the petition," indicating the transfer should be made directly after an appropriate party requests the transfer. This language makes it clear that section 232B.5(10) does not

contain any limitation on the time in which a request to transfer must be filed.

Further evidence that the transfer sections of the Iowa ICWA do not contain a time limitation for requesting a transfer can be found in section 232B.5(13). This section lists the circumstances that constitute good cause to allow a court to deny a request to transfer a case. The section specifically states "the court shall find good cause to deny the petition *only* if one or more of the" circumstances contained in the statute are shown to exist. *Id.* (emphasis added). By use of the word "only," the legislature made it clear that only those causes listed in section 232B.5(13) constitute good cause to deny the request for a transfer to a tribal court. None of the circumstances enumerated in section 232B.5(13) even hint at the requirement that a last-minute request to transfer a case to a tribal court is untimely, or that it constitutes good cause for the court to deny the request. Consequently, we hold the plain language of the transfer sections of the Iowa ICWA do not allow the court to deny a request to transfer a case to the tribal court based on the timing of the request.

Moreover, our construction of the transfer statutes is not only consistent with the plain language of the statutes, it is also consistent with the legislative history of the Iowa ICWA. Prior to the enactment of the Iowa ICWA, the federal Indian Child Welfare Act (federal ICWA) governed cases involving Indian children. The federal ICWA required the court, "in absence of good cause to the contrary," to transfer a case from a state court to a tribal court in cases involving the placement of an Indian child or the termination of parental rights involving an Indian child. 25 U.S.C. § 1911(b). The federal ICWA did not include a definition of good cause or enumerate the circumstances constituting good cause.

*Id.* However, the Bureau of Indian Affairs issued nonbinding guidelines listing circumstances when good cause may exist to deny the transfer of a case to a tribal court. Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed. Reg. 67,591 (Nov. 26, 1979). These guidelines provide good cause may exist to deny a transfer if "[t]he proceeding was at an advanced stage when the petition to transfer was received and the petitioner did not file the petition promptly after receiving notice of the hearing." *Id.* These guidelines also state good cause may exist to deny a transfer if "[t]he evidence necessary to decide the case could not be adequately presented in the tribal court without undue hardship to the parties or the witnesses." *Id.*

Prior to the enactment of the Iowa ICWA in 2003, our appellate courts adjudicated cases involving Indian children by applying the federal ICWA and the Bureau of Indian Affairs' guidelines. On at least two occasions, our court of appeals denied a tribe's transfer request for good cause when the proceedings were at an advanced stage, and the tribe did not promptly file the request to transfer. *See In re J.W.*, 528 N.W.2d 657, 660–61 (Iowa Ct. App. 1995); *see also In re K.T.*, No. 02-0952, 2002 WL 1758435, at *3 (Iowa Ct. App. 2002). On another occasion this court denied a request to transfer a case to a tribal court because the " 'evidence necessary to decide the case could not be adequately presented in the tribal court without undue hardship [to] the parties or the witnesses.' " *In re J.R.H.*, 358 N.W.2d 311, 317 (Iowa 1984) (citing 44 Fed. Reg. at 67,591).

When the legislature adopted section 232B.5(13)(*c*), it made a choice to adopt the undue hardship provision of the Bureau of Indian Affairs' guidelines, but not the provision dealing with the timeliness of a transfer request. This choice by the legislature confirms it did not intend

to place a time limit on a parent's request to transfer a case to a tribal court.

Finally, the State argues the district court should have denied the transfer request because it was not in the best interest of the children. This argument fails for two reasons. First, the transfer statutes do not allow a best-interest-of-the-child exception to deny a transfer request made in accordance with the Iowa ICWA. Second, the Iowa ICWA does not use the traditional definition of "the best interest of the child" as used in custody cases involving non-Indian children. Iowa Code § 232B.3(2). The Iowa ICWA defines best interest of the child as:

> [T]he use of practices in accordance with the federal Indian Child Welfare Act, this chapter, and other applicable law, that are designed to prevent the Indian child's voluntary or involuntary out-of-home placement, and whenever such placement is necessary or ordered, placing the child, to the greatest extent possible, in a foster home, adoptive placement, or other type of custodial placement that reflects the unique values of the child's tribal culture and is best able to assist the child in establishing, developing, and maintaining a political, cultural, and social relationship with the Indian child's tribe and tribal community.

*Id.*

Under this definition, it is in a child's best interest to place him or her in a home that will preserve the unique values of the child's tribal culture and assist the child in establishing relationships with the tribe and tribal community. *Id.* Even if we were to find the traditional definition of the best interest of the children would override the circumstances enumerated in the transfer statutes, under the Iowa ICWA definition we find it is in the best interest of N.V. and P.V. to transfer their case to the tribal court so it can preserve the unique values of their tribal culture and assist the children in establishing relationships with their tribal community.

Therefore, the district court was correct when it transferred this case to the tribal court even though the parents' request came at the beginning of the termination hearing.

**B.** **Whether the Parties or Witnesses Would Suffer Undue Hardship by a Transfer to the Tribal Court.** Iowa Code section 232B.5(13)(*c*) contains a hardship provision that allows a court to find good cause to deny a transfer. It provides:

> Circumstances exist in which the evidence necessary to decide the case cannot be presented in the tribal court without undue hardship to the parties or the witnesses, and the tribal court is unable to mitigate the hardship by making arrangements to receive and consider the evidence or testimony by use of remote communication, by hearing the evidence or testimony at a location convenient to the parties or witnesses, or by use of other means permitted in the tribal court's rules of evidence or discovery.

Iowa Code § 232B.5(13)(*c*). The burden of proving good cause is on the party opposing the transfer, which in this case is the State. *See In re J.W.*, 528 N.W.2d at 660.

The district court found neither the parties nor the witnesses would suffer undue hardship if the case were transferred to the tribal court. In its ruling, the district court stated:

> The evidence does not support a finding that . . . circumstances exist in which the evidence necessary to decide the case cannot be presented in the tribal court without undue hardship to the parties or witnesses. Prior court files, transcripts, and exhibits can be made available to the tribal court and the children, now twelve and fourteen, are bright young people who can make their positions and concerns known to their representatives in any forum.

We have no reason to disagree with this finding. Accordingly, the district court was correct when it refused to deny the transfer of this case to the tribal court under section 232B.5(13)(*c*).

**C. Whether the Doctrines of Estoppel, Forfeiture, or Laches Prevent the Parents From Requesting a Transfer to the Tribal Court.**

On appeal the State raises the doctrines of forfeiture and laches for the first time. Ordinarily, issues not presented to the trial court are not reviewable when raised for the first time on appeal. *State v. Farni*, 325 N.W.2d 107, 109 (Iowa 1982). Therefore, we will not address the State's arguments concerning the doctrines of forfeiture and laches.

In its ruling, the district court found the State's argument on estoppel compelling, but never ruled on the merits of the doctrine. Instead the court found the unambiguous requirements of the transfer statutes required the court to transfer this case to the tribal court. We agree with the district court.

The doctrine of estoppel cannot be used to trump the clear statutory right under the Iowa ICWA that allows a party to transfer a case to a tribal court without a time limit. To hold otherwise would not only insert a time limit for a person to request a transfer that is not contained in the transfer statutes, but would also be inconsistent with the purpose of the act.

The tribe's interest in the future of an Indian child is not only significant, it is also an interest the legislature sought to vigorously protect. The legislature provided that if an objection is made to the transfer, the court "shall reject any objection that is inconsistent with the purposes of [the Iowa ICWA]." Iowa Code § 232B.5(11). The purpose of the Iowa ICWA is to ensure Indian children can be placed in homes that reflect the unique values of the child's tribal culture and assist the child in establishing relationships with the child's tribe and tribal community. *Id.* § 232B.2. The transfer statute specifically provides:

> [T]he court shall reject any objection that is inconsistent with the purposes of this chapter, including but not limited to any objection that would prevent maintaining the vital relationship between Indian tribes and the tribes' children and would interfere with the policy that the best interest of an Indian child require that the child be placed in a foster or adoptive home that reflects the unique values of Indian culture.

*Id.* § 232B.5(11). Accordingly, we conclude when the statutory right under the Iowa ICWA exists for a person to transfer a case to a tribal court without a time limit, estoppel cannot be used to deprive a person of that right.

## V. Disposition.

Because the State failed to provide a legal basis for the district court to deny the transfer of this case to the tribal court, we affirm the district court's transfer order.

**AFFIRMED.**

All justices concur, except Larson, J., who takes no part.