# IN THE SUPREME COURT OF IOWA

No. 37 / 06–2076

Filed May 23, 2008

**CITY OF WATERLOO**,

     Appellee,

vs.

LEE BAINBRIDGE, IRENE BAINBRIDGE,
RONALD WOOD, AND JOYCE WOOD,

     Defendants,

**HLS US BANK,**

     Appellant.

---

Appeal from the Iowa District Court for Black Hawk County, James C. Bauch, Judge.

A purchaser of a tax sale certificate appeals a district court order eliminating its tax lien on property to which the city obtained title under Iowa Code section 657A.10A (2005). **AFFIRMED.**

Deana K. Walocha, Omaha, Nebraska, for appellant.

David R. Zellhoefer, Assistant City Attorney, Waterloo, and Jared R. Knapp of Clark, Butler, Walsh & Hamann, Waterloo, for appellee.

**WIGGINS, Justice.**

A purchaser of a tax sale certificate appeals a district court order eliminating its tax lien on property to which the city obtained title under Iowa Code section 657A.10A (2005). We affirm the judgment of the district court because we agree section 657A.10A(5) defeats the certificate holder's lien.

## I. Background Facts and Proceedings.

Pursuant to Iowa Code section 657A.10A, the City of Waterloo filed a petition in May 2006 requesting ownership of an abandoned piece of property located in Waterloo. HLS US Bank had an interest in the property because it purchased the tax sale certificate to the property at a Black Hawk County public bidder sale in June 2003.

In its answer, HLS claimed section 657A.10A is unconstitutional on its face. At the bench trial HLS did not challenge the characterization of the property at issue as being abandoned pursuant to section 657A.10A(3). HLS argued if section 657A.10A is interpreted as the city suggests, the statute will be in direct contradiction with section 445.28. During the trial, HLS failed to make its constitutional argument.

The trial court granted the city title to the properties free and clear of any claims, liens, or encumbrances held by HLS. In one sentence of its ruling, without providing any analysis or authority, the district court also held section 657A.10A constitutional.

HLS appeals.

## II. Scope of Review.

The district court tried this case in equity. We apply a de novo review to cases tried in equity. *In re Marriage of Beecher*, 582 N.W.2d 510, 512–13 (Iowa 1998).

**III. Issues.**

HLS raises three issues on appeal: (1) whether the legislature intended section 657A.10A(5) to override the lien created by section 445.28; (2) whether section 657A.10A(5) applies to tax liens created before its effective date; and (3) whether section 657A.10A is constitutional under the Iowa Constitution.

Although HLS claimed section 657A.10A is unconstitutional on its face, it failed to cite any provision of either the United States or Iowa Constitutions in support of its position. At trial HLS presented no evidence or arguments to support its constitutional claims. Even without any evidence or argument, the district court found the statute to be constitutional. However, the district court did so without any analysis or citation to authority. In its brief on appeal, HLS claims section 657A.10A violates the due process clause of the Iowa Constitution, but it fails to cite to any authority in support of its position.

HLS's failure to make a record during the trial and its failure to cite any authority in this appeal precludes us from deciding the constitutional issue. *See Olson v. Sumpter*, 728 N.W.2d 844, 849 (Iowa 2007) (holding the failure of a party to cite authority for an issue on appeal precludes us from reviewing that issue); *State v. Tobin*, 333 N.W.2d 842, 844 (Iowa 1983) (stating "[t]he general rule is that issues, including constitutional issues, which are not raised in the trial court cannot be raised on appeal"). Therefore, we will only reach the first two issues.

**IV. Discussion and Analysis.**

**A. Statutory Framework.** Our analysis requires us to interpret and apply two separate provisions of the Code. The first section implicated in this appeal is section 445.28, which provides in relevant

part, "Taxes upon a parcel are a lien on the parcel against all persons except the state." Iowa Code § 445.28. A similar provision has appeared in our Code since 1851. *See* Iowa Code § 495 (1851) (stating "taxes upon real property are hereby made a perpetual lien thereupon against all persons except the United States and this state"). We have interpreted section 445.28 to create a tax lien superior to all liens except those of the state. *Merv E. Hilpipre Auction Co. v. Solon State Bank*, 343 N.W.2d 452, 455 (Iowa 1984). HLS, as purchaser of a tax certificate, held the tax lien on the property at the time the court awarded title to the property to the city. Iowa Code § 446.29.

Section 657A.10A allows a city the opportunity to obtain title to property containing an abandoned building. Iowa Code § 657.10A(1). To do so the city must file a petition naming the owner, mortgagees of record, lienholders of record, and other known persons who have an interest in the property as respondents. *Id.* The city is required to give these parties notice of the petition. *Id.* No sooner than sixty days after filing its petition, the city may request a hearing on the petition. *Id.* § 657A.10A(2). If a person with an interest in the property does not make a good faith effort to comply with an order of a local building inspector or the city proves the property has been abandoned, the court will award title to the city free and clear of any claims, liens, and encumbrances held by the respondents. *Id.* § 657A.10A(5). Section 657A.10A became effective on May 17, 2004. 2004 Iowa Acts ch. 1165, § 11.

**B. Whether the Legislature Intended Section 657A.10A(5) to Override the Lien Created by Section 445.28.** When confronted with the task of determining the meaning of a statute, we have stated:

> The goal of statutory construction is to determine legislative intent. We determine legislative intent from the words chosen by the legislature, not what it should or might have said. Absent a statutory definition or an established meaning in the law, words in the statute are given their ordinary and common meaning by considering the context within which they are used. Under the guise of construction, an interpreting body may not extend, enlarge, or otherwise change the meaning of a statute.

*Auen v. Alcoholic Beverages Div.*, 679 N.W.2d 586, 590 (Iowa 2004) (citation omitted).

HLS urges us to use the principles of statutory construction to determine section 657A.10A(5) does not override the lien created by section 445.28. We apply the rules of statutory construction when a statute is ambiguous. *In re N.V.*, 744 N.W.2d 634, 637 (Iowa 2008). When the language of a statute is plain and its meaning is clear, the rules of statutory construction do not permit us to search for a meaning beyond the statute's express terms. *Id.* A statute or rule is ambiguous if reasonable minds could differ or be uncertain as to the meaning of the statute. *Carolan v. Hill*, 553 N.W.2d 882, 887 (Iowa 1996). In this case, the language of the statute is plain, clear, and susceptible to only one meaning.

Section 657A.10A(5) clearly mandates that if the court awards title of the property to the city, title to the property "shall be free and clear of any claims, liens, or encumbrances held by the respondents." There is no room in the language of the statute for us to exempt a tax lien from this mandate.

Our interpretation of section 657A.10A(5) is also consistent with its legislative history. The legislative history of a statute is instructive of legislative intent. *State v. Dohlman*, 725 N.W.2d 428, 431–32 (Iowa 2006).

Prior to the enactment of section 657A.10A, the city could petition the court to appoint a receiver to take possession and control of a building considered to be a public nuisance. Iowa Code § 657A.4. The receiver would then be able to manage the property and take the necessary steps to abate the nuisance and bring the building into compliance with housing and building regulations and ordinances. *Id.* § 657A.6. If the receiver's mortgage is properly perfected, the receiver's mortgage constitutes a first lien on the property and is superior to all prior or subsequent liens on the property except those for taxes and assessments. *Id.* § 657A.7.

The legislature enacted section 657A.10A to give the city an opportunity to obtain title to the property rather than have a receiver appointed to manage the property. H.F. 2291 Explanation, 80th Gen. Assemb., Reg. Sess. (Iowa 2004). In order to accomplish this goal, the city must take title free and clear of all liens. The legislature recognized this by mandating the court to pass title of the property to the city free and clear of all liens, including tax liens. Iowa Code § 657A.10A(5). This mandate is in clear contrast to the legislature's language in section 657A.7 that a receiver's mortgage is subordinate to a tax lien. *Id.* § 657A.7.

If the city cannot obtain clear title, a city would have little incentive to take title to the property. Once a city takes possession of the property, it must expend time and money to make the property safe. If the city had to pay the tax lien, there would be less money for the city to recoup its costs when it eventually transferred the property for development. If the city kept the property, the tax lien would add to the city's own development cost. Accordingly, we find the legislature intended section 657A.10A(5) to override the lien created by section 445.28.

**C. Does Section 657A.10A(5) Apply to Tax Liens Created Before its Effective Date?** Statutes are generally presumed to apply prospectively absent an expressed indication by the legislature to the contrary. Iowa Code § 4.5. However, remedial or procedural statutes are exceptions to this rule and may be applied retrospectively. *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Shell Oil Co.*, 606 N.W.2d 370, 375 (Iowa 2000).

A substantive statute creates, defines, and regulates rights. *Schmitt v. Jenkins Truck Lines, Inc.*, 260 Iowa 556, 560, 149 N.W.2d 789, 791 (1967). A substantive statute also takes away a vested right. *In re Estate of Parsons*, 272 N.W.2d 16, 18 (Iowa 1978). A procedural statute affords the practice, method, procedure, or legal machinery by which a person may enforce the substantive law. *State ex rel. Turner v. Limbrecht*, 246 N.W.2d 330, 332 (Iowa 1976). A remedial statute gives an injured person a private remedy for a wrongful act. *Baldwin v. City of Waterloo*, 372 N.W.2d 486, 491 (Iowa 1985). Generally, a remedial statute is designed to correct an existing law or redress an existing grievance. *Id.*

HLS argues section 657A.10A(5) is substantive because it takes away its vested rights. On the other hand, the city claims section 657A.10A(5) is not substantive and may be applied retrospectively.

We have acknowledged that a tax sale certificate conveys vested rights. Where a person applied for a writ of mandamus to compel a county treasurer to execute a tax deed when he purchased a tax certificate and the redemption period had expired, our court held, "[t]he moment the purchaser paid the tax he acquired certain vested rights." *Jones v. Welsing*, 52 Iowa 220, 221, 2 N.W. 1106, 1107 (1879). As holder of the tax certificate, HLS did not have the right of possession over the

property until after the expiration of the right of redemption. *Witmer v. Gibbs*, 234 Iowa 725, 730, 13 N.W.2d 802, 804 (1944). However, the owner of the tax certificate has the right to be reimbursed the price the owner paid for the tax certificate plus interest if the property is redeemed. Iowa Code § 447.1. If the property is not redeemed, the certificate holder is entitled to acquire the deed to the property. *Id.* § 448.1. The holder of the tax certificate also has a lien on the property, which is superior to all liens except those of the state. *Id.* § 445.25.

In order for a certificate holder to receive any return on the tax sale certificate, the purchaser must serve a notice of the right of redemption. *Id.* § 447.9. If the holder of the certificate has not filed an affidavit within three years from the time of the tax sale stating that it served the notice, the treasurer shall cancel the sale. *Id.* § 446.37. If the sale is canceled, the tax certificate expires. *Id.* The tax lien expires with the certificate. *Id.* § 446.29.

The passage of section 657A.10A(5) did not affect HLS's right to file a notice of redemption and begin the process of realizing a return on its investment in the certificate. HLS acquired the tax sale certificate in June 2003. One year and nine months later in March 2005 HLS could have served the notice of the right of redemption. *Id.* § 447.9. This notice would have given the persons served an additional ninety days from the completion of service to redeem the property. *Id.* If the property was redeemed within this period, HLS would have received reimbursement for the amount it paid for the certificate plus interest. *Id.* § 447.1. If the property was not redeemed, the county treasurer would have made out a tax deed conveying the property to HLS. *Id.* § 448.1. HLS would have received the deed upon its payment of the appropriate fee to the treasurer. *Id.* After the issuance of the tax deed, HLS would

have filed an affidavit with the county recorder. *Id.* § 448.15. All claims not made against the title within 120 days from the date HLS filed the affidavit would have been barred. *Id.* § 448.16. By December 2005 HLS could have had clear title to the property. The city did not file its petition until May 2006. The court did not give the city title until November 2006.

For some unknown reason, HLS sat on its rights and did not serve a notice to redeem the property. HLS did this knowing the legislature passed a law, effective May 17, 2004, making its lien inferior to that of the city if the city began a procedure to obtain title to the property under section 657A.10A. HLS also knew it had until June 2006 to file an affidavit stating it served a notice of redemption, or the treasurer would cancel the tax sale and it would lose its lien. Instead of protecting its interest in the property by serving a notice of redemption, it took a chance that the city would not exercise its rights under section 657A.10A.

It is possible HLS did not pursue title to the property because if it had taken title and left the property in the condition it was in at the time the city filed its petition, the action filed by the city would have divested HLS of title to the property. HLS's failure to give notice of the right of redemption should not put it in a better position than if it had given notice.

The facts of this case are analogous to our rule when the legislature shortens a statute of limitations to enforce a right. In that situation the rule is " 'that the period of limitation in effect at the time suit is brought governs in an action even though it may lengthen or shorten an earlier period of limitation.' " *In re Estate of Weidman*, 476 N.W.2d 357, 363–64 (Iowa 1991) (citation omitted). The enactment of

section 657A.10A(5) did not in and of itself defeat HLS's interest in the property. Prior to the enactment of section 657A.10A, the outside limitation to preserve its interest in the property was three years. The passage of section 657A.10A shortened that period if the property was or became abandoned under the terms of the statute. After the passage of section 657A.10A, HLS should have known the condition of the property and realized that if it was or became abandoned pursuant to the statute, there was a chance the city would step in and remedy the situation. Therefore, the consequence of passing section 657A.10A(5) was that HLS was not allowed to hold on to the tax certificate while the property's condition deteriorated. The passage of section 657A.10A(5) had the effect, like a statute of limitations, of shortening the time for HLS to exercise its option to give notice of the right of redemption.[1] Therefore, section 657A.10A(5) is not a substantive statute.

To determine whether a procedural or remedial statute is applied retrospectively, we apply a three-part test. *Shell Oil Co.*, 606 N.W.2d at 375.

> First, we look to the language of the new legislation; second, we consider the evil to be remedied; and third, we consider whether there was any previously existing statute governing or limiting the mischief which the new legislation was intended to remedy.

*Emmet County State Bank v. Reutter*, 439 N.W.2d 651, 654 (Iowa 1989).

In applying the first part of the test, the language of the statute requires the statute to be applied to all properties that meet the definition of "abandoned" contained in section 657A.10A(3). The statute does not require the conditions in section 657A.10A(3) to exist after the

---

[1]Under this record, if HLS did not take any action the tax sale would have been cancelled in June 2006, approximately one month after the city began its action. The record does not indicate if the tax sale was cancelled.

date of the statute's enactment. The statute does not limit the city's right to obtain title only to property abandoned after the effective date of the statute, but allows the city to obtain title to property that has been abandoned at any time.

Secondly, the evil to be remedied is the existence of unsafe abandoned buildings. A building abandoned before the effective date of the statute creates the same unsafe condition as a building abandoned after the effective date of the statute. The unsafe condition created by abandoned buildings, regardless of when they became abandoned, is the evil to be remedied.

Finally, there are no other statutes that allow the city to obtain title to abandoned property in this manner. Thus, if we give section 657A.10A a retrospective application, the application would not be repugnant to any existing statute.

Accordingly, section 657A.10A fits squarely within the three-part test for retrospective application. Therefore, section 657A.10A(5) applies to tax liens created before its effective date. Consequently, the district court was correct when it awarded title of the property to the city free and clear of HLS's tax lien.

**V. Disposition.**

Because Iowa Code section 657A.10A(5) overrides the lien created by section 445.28 and section 657A.10A(5) can be applied retrospectively, we affirm the judgment of the district court.

**AFFIRMED.**

All justices concur except Baker, J., who takes no part.