# IN THE SUPREME COURT OF IOWA

No. 44 / 06–2075

Filed May 23, 2008

**CITY OF WATERLOO**,

      Appellee,

vs.

JEAN MARIE BURCH f/k/a JEAN MARIE
PERRY, MARK A. PERRY, CHASE HOME
FINANCE, DEUTSCHE BANK NATIONAL
TRUST CO., ADVANTA,

      Defendants,

**BIV US BANK**,

      Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, James C. Bauch, Judge.

A purchaser of a tax sale certificate appeals a district court order eliminating its tax lien on property to which the city obtained title under Iowa Code section 657A.10A (2005). **AFFIRMED.**

Deana K. Walocha, Omaha, Nebraska, for appellant.

David R. Zellhoefer, Assistant City Attorney, Waterloo, and Jared R. Knapp of Clark, Butler, Walsh & Hamann, Waterloo, for appellee.

**PER CURIAM.**

This case presents a slight variation on the facts presented in another case we decided today, *City of Waterloo v. HLS US Bank*, 749 N.W.2d 245 (Iowa 2008). In *HLS US Bank,* HLS purchased a tax sale certificate at a public sale in June 2003. In this case, BIV US Bank purchased a tax sale certificate in June 2004. This fact is significant because the effective date of section 657A.10A, the statute the banks are challenging in both cases, became effective May 17, 2004. All other operative facts in *HLS US Bank* are the same as the facts in this case.

In *HLS US Bank* we found section 657A.10A(5) overrides the lien created by section 445.28 of the Iowa Code. *Id.* at 249. For the same reasons set forth in *HLS US Bank,* we find section 657A.10A(5) overrides the tax lien held by BIV in this case.

In *HLS US Bank* we found HLS failed to preserve error on its constitutional claims and that we would not consider those claims on appeal. *Id.* at 247. In this case, BIV made the same record on its constitutional claims as HLS. For the same reasons set forth in *HLS US Bank,* we will not reach the constitutional issue raised on appeal in this case.

Finally, in *HLS US Bank* we determined section 657A.10A could be applied retrospectively to defeat HLS's lien. *Id.* at 251. We need not address that issue in this case because the legislature made section 657A.10A effective prior to the time BIV purchased the tax certificate.

Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**

All justices concur except Baker, J., who takes no part.

This is not a published opinion.