# IN THE COURT OF APPEALS OF IOWA

No. 16-1155
Filed May 3, 2017

**CITY OF MONROE,**
        Plaintiff-Appellee,

**vs.**

**DUSTIN M. NICOL and MICHELLE R. STREET,**
        Defendants-Appellants.
_____


        Appeal from the Iowa District Court for Jasper County, Terry R. Rickers, Judge.


        Dustin Nicol and Michelle Street appeal the order awarding title to their property to the City of Monroe pursuant to Iowa Code section 657A.10A(5) (2016). **AFFIRMED.**



        Roger J. Hudson II of R.J. Hudson Law Firm, P.C. West Des Moines, and Justin Anthony Montello of J Montello Law P.L.L.C., West Des Moines, for appellants.

        Gilbert R. Caldwell III of Caldwell, Brierly, Chalupa & Nuzum, P.L.L.C., Newton, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Dustin Nicol and Michelle Street appeal the order awarding title to their property, which the trial court deemed abandoned, to the City of Monroe (City) pursuant to Iowa Code section 657A.10A(5) (2016). They challenge the statute, arguing it allows an unconstitutional taking of property without just compensation. Because the statute is a permissible exercise of police power rather than an unconstitutional taking, we affirm.

## I. Background Facts and Proceedings.

The record is not crystal clear, but it appears Nicol and Street bought property in Monroe in 2011 or 2012. They took title by warranty deed in 2013. Beginning in May 2013, and over the two years that followed, the City sent them five letters regarding their failure to maintain the property. Nicol and Street failed to clean up the property, and in April 2015, the City filed municipal infractions against Nicol and Street, citing the couple for violating several ordinances regarding junk, vehicles, and garbage on the property. After a compliance hearing in August 2015, the court entered judgments against Nicol and Street assessing civil penalties and ordering them to fully abate the violations. They did not do so. Additionally, Nicol and Street have failed to pay property taxes on the property since purchasing it. No utilities have been in use at the property since June 2015.

In January 2016, the City petitioned for title to Nicol and Street's property, alleging it was abandoned within the meaning of section 657A.10A(3). Nicol and Street moved to dismiss the action on the ground the statute is unconstitutional. Specifically, they argued chapter 657A allows the taking of private property for a

public purpose without just compensation to the owner. The court denied the motion, finding chapter 657A is a legitimate exercise of police powers and does not violate the Federal or Iowa Constitutions. At the conclusion of a bench trial, the court found the property met the definition of abandoned under chapter 657A and entered an order awarding its title to the City.

Nicol and Street appeal.[1]

**II. Scope and Standard of Review.**

Because the case was tried in equity, our review is de novo. *See City of Waterloo v. Bainbridge*, 749 N.W.2d 245, 247 (Iowa 2008). We also review constitutional issues de novo. *See Bowers v. Polk Cty. Bd. of Supervisors*, 638 N.W.2d 682, 688 (Iowa 2002).

Statutes are presumed to be constitutional. *See id.* In order to rebut that presumption, Nicol and Street must show that the statute is unconstitutional beyond a reasonable doubt. *See id.* In addition, they "must negate every reasonable basis upon which the statute could be upheld as constitutional." *Id.*

---

[1] The parties' appendix violates Iowa Rule of Appellate Procedure 6.905 in numerous respects. The appendix contains no table of contents. *See* Iowa R. App. P. 6.905(2)(b)(1) & (4). The appendix contains no list of relevant docket entries. *See* Iowa R. App. P. 6.905(2)(b)(2) & (5). The documents included in the appendix are not in proper order. *See* Iowa R. App. P. 6.905(6). The name of each witness whose testimony is included in the appendix is not inserted at the top of each appendix page where the witness's testimony appears. *See* Iowa R. App. P. 6.905(7)(c). Furthermore, the appendix contains duplicates of documents. While we may appear to be just nitpicking, we are not. The three-volume appendix was very difficult to navigate. As we have repeatedly observed: Rule compliance lightens the court's burden and promotes judicial efficiency because compliance begets uniformity, and uniformity eases the court's navigation through the thousands of briefs and appendices it reviews each year. *See, e.g.*, *In re Estate of Woodroofe*, No. 11-0900, 2012 WL 3854642, at *1 n.1 (Iowa Ct. App. Sept. 6, 2012).

### III. Constitutionality of Iowa Code section 657A.10A.

Iowa Code section 657A.10A(1)(a) provides that "a city in which an abandoned building is located may petition the court to enter judgment awarding title to the abandoned property to the city." A building is "abandoned" if it "has remained vacant and has been in violation of the housing code or building code of the city in which the property is located." Iowa Code § 657A.1(1). The legislature has provided a list of factors the court must consider in determining whether a building is abandoned. *See id.* § 657A.10A(3)(a)-(m). The factors include: whether the owner has paid the property taxes, whether utilities are in use at the property, whether the property is unoccupied, and whether the property complies with the housing code. *See id.* If, after considering these factors, the court determines the property is abandoned, it must award title to the city. *See id.* § 657A.10A(5).

Nicol and Street argue section 657A.10A is an unconstitutional taking under both the Takings Clause of the United States Constitution and its counterpart in the Iowa Constitution, which prohibit the taking of private property for public use without just compensation.[2] *See* U.S. Const. amends. V, XIV; Iowa Const. art. I, § 18. In order to decide this question, we must first determine "whether the restrictions and conditions imposed by [the statute] amount to a taking of property under eminent domain or simply a regulation under the police power of the state." *Woodbury Cty. Soil Conservation Dist. v. Ortner*, 279

---

[2] This issue was raised before the Iowa Supreme Court in *Bainbridge*, 749 N.W.2d at 247, but the appellant's failure to preserve error precluded the supreme court's review.

N.W.2d 276, 277-78 (Iowa 1979). The distinction is important because the regulation of property

> for purposes that are declared, by valid legislation, to be *injurious to the health, morals, or safety of the community*, cannot, in any just sense, be deemed a taking or an appropriation of property for the public benefit. Such legislation does not disturb the owner in the control or use of his property for lawful purposes, nor restrict his right to dispose of it, but is only a declaration by the State that its use by any one, for certain forbidden purposes, is prejudicial to the public interests. . . . The power which the States have of prohibiting such use by individuals of their property as will be prejudicial to the health, the morals, or the safety of the public, is not—and, consistently with the existence and safety of organized society, cannot be—burdened with the condition that the State must compensate such individual owners for pecuniary losses they may sustain, *by reason of their not being permitted, by a noxious use of their property, to inflict injury upon the community.*

*Penn. Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 144-45 (1978) (alteration in original) (quoting *Mugler v. Kansas*, 123 U.S. 623, 668-69 (1887)). Because section 657A.10A was enacted to remedy "the existence of unsafe abandoned buildings," *Bainbridge*, 749 N.W.2d at 251, it relates to the safety, health, or welfare of others and was an exercise of police power, *see Penn. Cent. Transp. Co.*, 438 U.S. at 144-45; *Stone v. City of Wilton*, 331 N.W.2d 398, 402 (Iowa 1983) ("Land use restrictions (such as at issue here) reasonably related to the promotion of the health, safety, morals, or general welfare repeatedly have been upheld even though the challenged regulations destroyed or adversely affected recognized real property interests or flatly prohibited the most beneficial use of the property.").

We note that the exercise of police power may amount to a taking if it deprives the property owner of the substantial use and enjoyment of the property. *See Woodbury Cty.*, 279 N.W.2d at 278. Before a statute may be imposed on

behalf of the public as a permissible use of police power, "it must appear (1) that the interests of the public require such interference, and (2) that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals." *Kasparek v. Johnson Cty. Bd. of Health*, 288 N.W.2d 511, 517 (Iowa 1980). In determining whether the statute is reasonable, we consider "such things as the nature of the menace against which it will protect, the availability and effectiveness of other less drastic protective steps, and the loss which appellants will suffer from the imposition of the ordinance." *Id.* (quoting *Goldblatt v. Town of Hempstead*, 369 U.S. 590, 595 (1962)).

Section 657A.10A affords the property owner a minimum of sixty days after the filing of the petition to correct the situation that led to the city to initiate the proceeding. *See* Iowa Code § 657A.10A(2) (providing the city may request a hearing "[n]ot sooner than sixty days after the filing of the petition"), (4) (providing in the alternative that the court may enter judgment granting the city title to the property if the city "can establish to the court's satisfaction that all parties with an interest in the property have received proper notice and . . . did not make a good-faith effort to comply with the order of the local housing or building code official within sixty days after the filing of the petition"). Although loss of title to property is a significant loss, it is not unreasonable; an action under section 657A.10A is undertaken as a final resort against those property owners who have otherwise failed to comply with housing codes, building codes, nuisance laws, or tax assessments when less drastic steps toward compliance have failed. For instance, in the present case, Nicol and Street were served with a petition for title to abandoned property in 2016, only after the City unsuccessfully attempted to

obtain compliance by sending letters regarding ordinance violations in 2013 and 2014 and citing them for multiple ordinance violations in 2015—and after the court assessed them civil penalties and ordered them to abate the violations.

Furthermore, even in the event of a complete taking, the State is not required to compensate a property owner if it "can show that the owner's 'bundle of rights' never included the right to use the land in the way the regulation forbids." *Iowa Coal Mining Co. v. Monroe Cty.*, 555 N.W.2d 418, 431 (Iowa 1996) (citing *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1027 (1992)). Section 657A.10(A) provides a sanction for those who use their property in a manner that was already prohibited. Because the statute does "no more than duplicate the result that could have been achieved in the courts—by adjacent landowners (or other uniquely affected persons) under the State's law of private nuisance, or by the State under its complementary power to abate nuisances that affect the public generally, or otherwise," it is not a constitutional taking for which compensation is required. *Lucas*, 505 U.S. at 1029.

**AFFIRMED.**