# IN THE COURT OF APPEALS OF IOWA

No. 18-0609
Filed August 1, 2018

**IN THE INTEREST OF A.T.,**
**Minor Child,**

**T.T., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Mary L. Timko,

Associate Juvenile Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Joseph W. Kertels, Juvenile Law Center, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Timothy A. Scherle, Sioux City, guardian ad litem for minor child.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A mother appeals the termination of her parental rights. We find there is substantial evidence in the record to support termination of the mother's parental rights. We conclude termination of the mother's parental rights is in the child's best interests. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

T.T., mother, and J.H., father, are the parents of A.T., who was born in 2016.[1] T.T. has a long history of substance abuse and mental health problems. Her parental rights to two older children were terminated in 2014. The State filed a petition alleging A.T. was a child in need of assistance (CINA) on July 27, 2016, due to concerns about the mother's lack of parenting skills and mental health issues. The juvenile court adjudicated A.T. to be in need of assistance pursuant to Iowa Code section 232.2(6)(a) (father), and (c)(2) and (n) (mother) (2016).

After a psychological evaluation, T.T was diagnosed with schizophrenia, paranoid type. Dr. Angela Stokes found the mother "lacks competency to care for herself or her infant independently" and was "not able to separate reality from fantasy and her thought processes are contaminated with paranoid delusions and hallucinations." Based on the evaluation, the State filed a motion seeking to remove the child from the mother's care. The child was removed on May 19, 2017, and placed in foster care.

The mother was not consistent in taking medication needed for her mental health problems. When a social worker told the mother not to give the child a

---

[1]   J.H. has had little to no interaction with the child during his life and does not appeal the termination of his parental rights.

certain item of food because he could choke, the mother said the child "can't choke because he believes in God." She disassembled the child's crib because "it has the devil carved in it." The mother believed people were contaminating her apartment with bacteria and hacking into her computer. She did not believe there was anything wrong with her mental health.

On January 4, 2018, the State filed a petition seeking termination of the parents' rights. Evidence presented during the termination hearing showed the mother was sporadic in attending therapy and was not consistently taking medication. The mother testified she was doing better. She stated, "[R]ight now I am not experiencing any schizophrenia and that's the truth and that's easy because it's so easy because all you have to do is stay active in your life."

The juvenile court terminated the mother's parental rights under section 232.116(1)(g) and (h) (2018). The court found the mother's testimony disheartening. The court found her testimony differed from the facts as documented and it was not clear if she was not telling the truth or if she was unable to know the accuracy of her statements due to her mental health diagnosis. The court concluded it was in the child's best interests to terminate the mother's parental rights. The mother appeals the juvenile court's decision.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial

doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will focus on section 232.116(1)(h).

The mother does not dispute the first three elements of section 232.116(1)(h)—the child was three years of age or younger, had been adjudicated CINA, and had been removed from the mother's care for at least six months—and focuses on the fourth element, whether the child could be safely returned to her care at the time of the termination hearing. There is clear and convincing evidence in the record to show the child could not be returned to the mother's care due to her ongoing mental health problems. The evidence showed the mother was sporadic in attending therapy and was not consistently taking her prescribed medication. We conclude the juvenile court properly found the mother's parental rights could be terminated under section 232.116(1)(h).

### IV. Other Issues

The mother claims the juvenile court should have decided not to terminate her parental rights due to the closeness of the parent-child relationship, citing

section 232.116(3). She also claims the juvenile court should have given her an additional six months to work on reunification under section 232.104(2)(b). The juvenile court did not address these issues. In termination proceedings, an issue may not be raised for the first time on appeal. *See In re N.V.*, 744 N.W.2d 634, 639 (Iowa 2008) ("Ordinarily, issues not presented to the trial court are not reviewable when raised for the first time on appeal.").

We conclude termination of the mother's parental rights is in the child's best interests. We affirm the decision of the juvenile court.

**AFFIRMED.**