# IN THE COURT OF APPEALS OF IOWA

No. 24-1148
Filed September 4, 2025

**CITY OF BURLINGTON, IOWA,**
        Plaintiff-Appellant,

**vs.**

**JOHN ANTONE SCHOOF JR. and MICHELLE THERESE SCHOOF,**
        Defendants-Appellees,

**and**

**STATE OF IOWA, DES MOINES COUNTY TREASURER, and LEDERMAN BONDING COMPANY,**
        Respondents.
_____

        Appeal from the Iowa District Court for Des Moines County, Wyatt Peterson,

Judge.


        The City of Burlington appeals an order denying its petition for title to

property alleged to be abandoned.  **AFFIRMED.**


        Steven C. Leidinger of Lynch Dallas, P.C., Cedar Rapids, for appellant.

        John and Michelle Schoof Jr., Burlington, self-represented appellees.

        Brenna Bird, Attorney General, and Hristo Chaprazov, Assistant Attorney

General, for respondent State of Iowa.


        Considered without oral argument by Tabor, C.J., and Ahlers and Langholz,

JJ.

**TABOR, Chief Judge.**

"I understand it looks like heck, but it's still our house." That was the testimony of John Schoof in opposing the City of Burlington's efforts to prove that he and his wife Michelle had abandoned their home and garage. The district court sided with the Schoofs and denied the City's petition to take title of their property. The City appeals, raising three claims: (1) the district court erred in refusing to consider the City's proposed exhibits that were not offered or admitted into evidence; (2) the district court erred in finding that the Schoofs could not be trespassers on their own property; and (3) the district court's ruling undermines the "valuable tool" in Iowa Code section 657A.10B(4) (2023) meant to discourage owners from abandoning properties in a deteriorated and dangerous condition.

Because the City had a chance to prove abandonment and fell short, we affirm the district court's ruling.

## I. Facts and Prior Proceedings

In November 2023, the City of Burlington petitioned for title to property on Sweeny Street allegedly abandoned by owners John and Michelle Schoof.[1] *See* Iowa Code § 657A.10B(4). The City attached eight photographs to its petition, showing the dilapidated condition of the Schoofs' house and garage.

In February 2024, the City applied for default judgment, asserting that despite proper service, the Schoofs had not filed an answer or another responsive pleading. The district court set the matter for hearing in March 2024. Before the

---

[1] The City also named as respondents, Lederman Bonding Company, which allegedly held a mortgage on the property, and the State of Iowa, which had judgments against the owners.

hearing date, the Schoofs answered, denying the City's claims and asking for more time to "rehab [their] house." The City then filed a list of fifteen exhibits it planned to offer at the hearing. That form had space to show whether the Schoofs waived objection to the exhibits and when an exhibit was offered and received. But all those spaces remained blank.

At the hearing on the City's petition, the Schoofs appeared without counsel. The City called building inspector Ross Allsup as its only witness. Allsup discussed the following exhibits: the Schoofs' abstract of title and deed to the Sweeny Avenue property; an assessor's report; a February 2023 email from Adam Nelson, a previous City inspector, to the Burlington police asserting that the Schoofs were living in their garage; Nelson's request for an inspection of the Schoofs' home; photographs depicting the deteriorated condition of the property; Nelson's application for an administrative search warrant; the administrative search warrant; Nelson's inspection report; a "Notice of Unsafe Building" dated March 2023; a September 2023 municipal infraction citation; photographs taken by Allsup in March 2024; and a screenshot from the City's waterworks showing a service cutoff date of February 2022. But the City never offered those exhibits into evidence.

John Schoof also testified. He admitted going through the house with a police officer and two other City employees. But he questioned the thoroughness of that inspection. He also contested the City's legal position:

> [T]he City filed this incorrectly because it is not abandoned, and we are not trespassing. It is our house. We've been there for twenty-nine years. Next year we would have been there for thirty years. And I understand it looks like heck, but it's still our house.
>     And we are not trespassing. It is impossible to trespass on property that you own. And I don't understand how that can be filed

that way, which it is not abandoned, and we are not trespassing on our own property.

In its ruling, the district court recounted that Allsup "was asked about numerous exhibits and made statements related to those exhibits. However, none of the exhibits were offered to be admitted and are therefore not considered for purposes of this ruling." The court then found that the City failed to establish that the property was abandoned. The court explained:

> The undisputed record is that the Schoofs have continued to live at and occupy the property. Mr. Schoof's unrebutted testimony is that they have lived there for twenty-nine years and continue to do so. Therefore, the property is not vacant.
> The Schoofs cannot be considered trespassers. They own the property.

The City moved to reconsider, asserting that the Schoofs waived formal introduction of the exhibits. The City also insisted that the court erred in finding that the Schoofs could not trespass on their own property. The court declined to reconsider its ruling, so the City appeals.[2]

## II. Scope and Standard of Review

Actions to obtain title to abandoned property are heard in equity, so our review is de novo. Iowa Code § 657A.10B(2)(b); *City of Monroe v. Nicol*, 898 N.W.2d 899, 901 (Iowa Ct. App. 2017).

## III. Analysis

This case has two layers. The first layer involves a procedural question: Were the City's hearing exhibits properly before the district court even though the City's attorney did not offer them into evidence? The second layer is substantive:

---

[2] The Schoofs did not file an appellee's brief.

Did the court err in finding that the City failed to prove that the Schoofs' property was abandoned as defined in Iowa Code section 657A.1(1)?

We start with the procedural layer. The City faults the district court for refusing to consider its exhibits. It relies on two cases for the proposition that "[f]ormal introduction of documentary evidence may be waived." In *Morris Plan Leasing Co. v. Bingham Feed & Grain Co*., the supreme court considered a letter to be "in evidence, although not formally offered," because the defense attorney cross examined the plaintiff's witness about the letter and, in rebuttal, the plaintiff's witness did not deny receiving a copy of the letter. 143 N.W.2d 404, 416 (Iowa 1966). Similarly, in *Times-Guthrian Publishing Co. v. Guthrie County Vedette*, the court found that a plaintiff waived formal introduction of a subscription card when plaintiff's counsel referred to and used the card during cross-examination of a defense witness. 125 N.W.2d 829, 831 (Iowa 1964) (citing 88 C.J.S Trial § 62b (now 88 C.J.S Trial § 160 (2025))).

Despite the City's reliance, neither case is controlling. *Morris Plan* and *Times-Guthrian* stand for the proposition that formal introduction is waived when either (1) both parties and the court treat the exhibit as evidence or (2) the party against whom the exhibit is being offered testifies about it or is examined with respect to it. It is not enough for only the proponent to testify about it.

True, the Schoofs did not object to the City's exhibits. But they did not have a chance to do so because the City never offered its exhibits. *See* 7 Laurie Kratky Doré, Iowa Practice Series: Evidence § 5.103:3 (2025) (stating that where documentary evidence is at issue, "the basis for exclusion generally will become

apparent when the evidence is offered and the objection must be lodged at that time"). It was not enough for Allsup—the City's witness—to refer to the exhibits during his testimony. The general rule is that "a document is not put in evidence by placing it on the files of the court, or by having it identified by a witness and marking it for identification, or by reference to it in testimony and arguments." 88 C.J.S. Trial § 160 (May 2025 update) (footnotes omitted). In his cross-examination of Allsup, John Schoof did not mention the exhibits. And Schoof did not discuss them in his own testimony. So neither the district court nor the self-represented respondents treated the exhibits as if they were in evidence. The waiver principle in *Morris Plan* and *Times-Guthrian* does not excuse the City's failure to offer its exhibits into evidence. We affirm the district court on the exhibit issue.

Next, the substantive layer. The City builds its abandonment case on the notion that the Schoofs had no right to occupy their own property. The City must prove that the Schoofs' buildings were "vacant" or "occupied only by trespassers" and "in violation of the housing code or building code" of Burlington. Iowa Code § 657A.1(1). These buildings were not vacant, so the City had to prove that the Schoofs were trespassers. The City ventures to do so by showing the Schoofs' actions of living on their own property fit the definition at Iowa Code section 716.7(2)(a)(2). Under that provision, a person commits trespass by:

> Entering or remaining upon or in property without justification after being notified or requested to abstain from entering or to remove or vacate therefrom by the owner, lessee, or person in lawful possession, or the agent or employee of the owner, lessee, or person in lawful possession, *or by any peace officer, magistrate, or public employee whose duty it is to supervise the use or maintenance of the property*. A person has been notified or requested to abstain

from entering or remaining upon or in property within the meaning of this subparagraph (2) if any of the following is applicable:

   (a) *The person has been notified to abstain from entering or remaining upon or in property personally, either orally or in writing*, including by a valid court order under chapter 236.

   (b) *A printed or written notice forbidding such entry has been conspicuously posted or exhibited at the main entrance to the property or the forbidden part of the property.*

Iowa Code § 716.7(2)(a)(2) (emphasis added).

The City contends that the Schoofs were trespassers because "building inspectors for the City of Burlington (i.e. public employees whose duty it is to supervise the use or maintenance of the property), enforcing the City's housing code, zoning regulations, and unsafe building provisions, posted the property as unsafe to occupy on March 31, 2023." But as factual authority for this contention in its appellant's brief, the City cites an inspection report that was never offered or admitted into evidence and is not available on appeal. *See* Iowa R. App. P. 6.801 ("Only the following constitute the record on appeal . . . [o]riginal documents and exhibits filed in the district court case from which the appeal is taken."); *Lynch v. Moreno*, No. 21-0815, 2022 WL 1486185, at *4 n.6 (Iowa Ct. App. May 11, 2022) ("[T]he record that makes its way to us does *not* include proposed exhibits that are never marked as admitted by the district court in the judicial interface."). Thus, the City is missing key factual support for its contention that the Schoofs were trespassing on their own property.

Perhaps recognizing its predicament, the City does not ask us to decide on appeal that the Schoofs were trespassers. Instead, it urges us to reverse the district court's ruling and remand for "a substantive ruling" on the question of

abandonment.  We decline to do so.  The City had a chance to prove the Schoofs abandoned their property and did not carry its burden.

**AFFIRMED.**