# IN THE COURT OF APPEALS OF IOWA

No. 18-0249
Filed April 3, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEAN JOSEPH OTT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jasper County, Thomas W. Mott,

Judge.


        Dean Joseph Ott appeals his conviction and sentence for second-degree

theft. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender (until withdrawal), and Theresa R.

Wilson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


        Considered by Vogel, C.J., Vaitheswaran, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Judge.**

Dean Ott emerged from the back door of a garage with a shopping cart full of tools. A bystander, who knew the property owners had moved to Colorado, called the police. The City of Monroe police chief responded to the call and spoke to Ott, who readily admitted the items in the cart were not his. Ott told the police chief one of the owners gave him permission to take them for safekeeping. The police chief immediately contacted one of the owners. She vehemently denied giving Ott permission to take the tools. At that point, Ott changed his tune and suggested someone sounding like her authorized the taking. Later, the second property owner also denied giving Ott permission to remove the tools.

The State charged Ott with third-degree burglary and second-degree theft. A jury found him guilty of the second-degree theft charge and the district court subsequently imposed sentence.

On appeal, Ott contends the district court abused its discretion in prohibiting a witness from testifying and in excluding evidence of legal proceedings involving the home from which the tools were taken. He also contends his trial attorney was ineffective in failing to challenge a reference to a prior bad act on the ground that its probative value was substantially outweighed by its prejudicial effect.

## I.    *Evidentiary Issues*

### A.  *Exclusion of Witness*

Three days before trial, Ott filed a witness list identifying a person who had not previously been designated to testify. The State immediately filed a motion to exclude the witness. The State pointed out that depositions were first held almost a year earlier, trial already had been postponed once, State witnesses were slated

to travel from Colorado for the trial, and Iowa Rule of Criminal Procedure 2.13(4) authorized exclusion of witness testimony under these circumstances.

On the morning of trial, Ott's attorney informed the court the newly designated witness would testify that "at some point prior to the incident with Mr. Ott," the owner of the tools told the witness "he needed to get someone to get the tools and valuables out of the home before" legal proceedings "went through." Counsel acknowledged the State "would perhaps want to have somebody investigate or look into the story" even if the witness were made available for an interview. The prosecutor responded by noting defense counsel "hit the nail on the head." He argued the State was prejudiced by the late designation due to the "timing, manpower, just to find [the witness], interview him, set up depositions, and then arrange for that defense at trial," as well as the prior postponement of trial, and the attendance of out-of-state witnesses. The district court granted the motion to exclude. The court stated:

> Given the length of time the case has been on file and the preparation time, the late filing, the Court will sustain the motion to exclude the lately named witness. . . . It would prejudice the State, and there's—I don't see an adequate reason to wait until now with something that would seem to be so central to the—the planned defense, so sustained.

Our review is for an abuse of discretion. *See State v. Babers*, 514 N.W.2d 79, 82 (Iowa 1994) ("The sanctions under [the predecessor to Rule 2.13(4)] are discretionary and will be reversed only if the trial court abuses its discretion.").

Rule 2.13(4) states:

> *Failure to comply.* If the defendant has taken depositions under rule 2.13(1) and does not disclose to the prosecuting attorney all of the defense witnesses (except the defendant and surrebuttal witnesses) at least nine days before trial, the court may order the

defendant to permit the discovery of such witnesses, grant a continuance, or enter such other order as it deems just under the circumstances. It may, if it finds that no less severe remedy is adequate to protect the state from undue prejudice, order the exclusion of the testimony of any such witnesses.

Ott concedes the rule's prerequisites for judicial intervention—taking of depositions and failure to designate witnesses at least nine days before trial—were satisfied. *See State v. Richards*, 809 N.W.2d 80, 89 (Iowa 2012). But, in his view, the district court abused its discretion in excluding the witness because he "only very recently learned of" the witness, he "was prepared to make [the witness] available to the State" for a deposition, and he was "likely to suffer" prejudice "by the exclusion of [the] testimony."

Ott's recent discovery of the witness does not ameliorate the prejudice to the State arising from the lack of timely notice. *See State v. Hoosman*, No. 09-0067, 2010 WL 1579428, at *13 (Iowa Ct. App. Apr. 21, 2010) (affirming the exclusion of evidence where the defense gave the State one day notice and "there was little time for the State to combat the unexpected reputation evidence"). As Ott's attorney conceded, the prosecutor likely would have been required to do more than simply take his deposition to prepare for the newly designated witness.

We turn to Ott's claim of prejudice. *See id.* at 90 ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right . . . is affected." (quoting Iowa R. Evid. 5.103(a))). As in *Richards,* "[t]he State had a powerful case against" Ott. *Id.* A witness saw Ott leave the owners' garage with the tools; the police chief contacted one property owner in Ott's presence and confirmed she never gave him permission to take the tools; and both property owners testified they did not allow Ott to remove the items. Ott's proposed witness

might have maligned one of the property owners, but he could have done little to impugn the police chief's testimony, which was supported by a video recording of his interaction with Ott.

We conclude the district court did not abuse its discretion in excluding the witness. *See State v. Toney*, No. 17-1072, 2018 WL 2731634, at *2 (Iowa Ct. App. June 6, 2018) ("Because of the extreme lateness of the notice and the lack of relevance of the proffered testimony, the district court did not abuse its discretion in excluding . . . a witness.").

### B. Exclusion of Evidence on Legal Proceedings

The State filed a motion in limine seeking to exclude anticipated evidence "concerning Civil proceedings initiated by the City of Monroe against the named victims in this case in regards to their home in Monroe." The State asserted the evidence "would be irrelevant." At trial, Ott's attorney argued he intended to offer evidence "that the city was in the process of taking the home" and

> [t]hat would fit in with [his client's] defense that he was told he could go in there to get those items, and that it was actually a request of [one of the property owners] that he do so, so that the items could be taken out before the proceedings had gone any further.

The district court preliminarily granted the motion but authorized Ott to make an offer of proof at the appropriate time. Ott did so, eliciting testimony from one of the property owners outside the jury's presence about legal proceedings initiated by the City. *See City of Monroe v. Nicol*, 898 N.W.2d 899, 902-–03 (Iowa Ct. App. 2017). The district court reaffirmed its prior ruling.

Ott argues the evidence was "relevant and probative to whether he had permission to possess the tools." Relevant evidence is evidence having "any

tendency to make a fact more or less probable than it would be without the evidence" and "[t]he fact is of consequence in determining the action." Iowa R. Evid. 5.401. "Relevant evidence is admissible. . . . Irrelevant evidence is not admissible." Iowa R. Evid. 5.402. "The district court rulings on relevance of evidence are reviewable for abuse of discretion." *State v. Tipton*, 897 N.W.2d 653, 691 (Iowa 2017).

We discern no abuse. As discussed, the property owners adamantly denied giving Ott permission to take the tools. We are hard-pressed to discern how the legal proceedings against them made their unequivocal denials less probable. We affirm the district court's exclusion of the proposed evidence.

## II. Ineffective Assistance of Counsel

At trial, the police chief testified that one of the property owners believed Ott had stolen from him in the past. Ott's attorney objected on the ground the response went "beyond the scope of the question." The district court overruled the objection but gave counsel the chance to "make further record" during the recess. Counsel did not avail himself of the opportunity.

After the jury entered its finding of guilt, Ott moved for a new trial on the ground the "prior bad acts" evidence was inadmissible under Iowa Rule of Evidence 5.404(b). The district court denied the motion.

On appeal, Ott argues his trial attorney was ineffective in failing "to properly object to prior bad acts evidence." We find the record inadequate to address the issue. Accordingly, we preserve the claim for postconviction relief. *See State v. Harris,* 919 N.W.2d 753, 754 (Iowa 2018) ("If the record is insufficient to allow for a review on direct appeal, we do not reach the issue on direct appeal and allow

the defendant to raise the claim in a separate postconviction-relief action."); *see also State v. Albright*, ___ N.W.2d ___, ___, 2019 WL 1302384, at *11 (Iowa 2019).

We affirm Ott's judgment and sentence for second-degree theft.

**AFFIRMED.**